Thompson, J.
delivered the opinion of the court. The insurance, in this case, was upon the schooner Mariner, on a voyage as subscribed in the policy, “ at and from New-York to pintigua, and from thence to Curacoad’ It became necessary, in the eourse of the voyage, to put into St. Croix to refit. A considerable part of her cargo was there sold, and when the necessary repairs were made', the voyage was continued directly to Curacoa, without going to Antigua. The vessel was captured by a British frigate, carried into Jamaica, and there condemned. Arecoveryis resisted by the underwriters, on two grounds. 1st. That the schooner should have gone from St. Croix to Antigua, and not directly to Curacoa; and, 2d That the trading from St. Croix avoided the policy.
These objections appear to me not tenable. With respect to the first, the only rational rule of construction, and which I apprehend to be well settled, in cases like the present is, that where there is an intention of going to more than one port, the order described in the policy must be pursued. But that the assured is not bound to goto all the ports mentioned, but may proceed directly to any one of them. This distinction is very fully and clearly established in the case of Marsden v. Reid. (3 East, 572.) Lord Ellenhorough there says, that the obvious meaning of the parties in such cases is, that the voyage insured is to all or any of the places named, with this reserve only, that if the vessel goes to more than one place, she must visit them in the order described in the policy; and no case that has fallen under my observation in the least militates against this construction. The voyage being described at and from the intermediate port, can make no difference ; the only reason for this was to protect the vessel under the policy during her stay at Antigua, if she should go there. Nor can it be of any *271 importance whether the determination to go directly to ‘ , , . Curacoa., was made at the commencement of, or at any intermediate point of the voyage. The schooner put into St. Croix from necessity, and was of course still under the policy ; and if she might originally have sailed ly for r, i uraco a. there can be no good reason assigned why she might not so there from St. Croix.
The second ground of objection appears to me equally desírvate of solidity. It was absolutely necessary that the flour and Indian meal, which were sold at St. Croix, should be landed before the vessel could be repaired, and what possible injury could the sale occasion to the underwriter, provided it occasioned no delay ?. It certainly would not render the vessel less safe during the remainder of the voyage. That no delay was occasioned by the sale, is satisfactorily established. The principle adopted by Lord Kenyon ■ at nisi prim, in the case of Stitt v. Wardcll, (2 Esp. Rep. 610.) cannot apply. The question there turned upon the construction of the words in the policy, “ touch and stay at any port or ports,”c. and it was ruled that the assured was not thereby authorised to trade at any such pftrts where the vessel might touch. The reason, undoubtedly, must be, because such trading would probably occasion a delay; and this, perhaps, is to be necessarily implied unless the contrary appears. In the case before us, the breaking bulk was not for the purpose of trading, but was rendered necessary for the purpose of repairing. It appeared to be admitted by the defendant’s counsel, that the part of the cargo which was landed,, might be sold without prejudice. I cannot, however, see any reason for a distinction. The greater part of the corn which was sold directly from the schooner, had received considerable sea-damage, which rendered it absolutely necessary to unlade it, to prevent its spoiling. The repairs might have been made without unlading the corn ; but it cannot be pretended, that it *272 was the duty of the master to keep it on board to spoil. Suppose the master instead of selling- it, had thought proper to throw it overboard; it surely will not be said, that the policy would have been thereby discharged. We are therefore of opinion, that the plaintiff is entitled to judgment.
Judgment for the plaintiff.