## Mullins *against* Cabiness.—Appeal.

*November, 1820.*

JAMES MULLINS declared in covenant against *Charles Cabiness,* that by deed of said parties, dated 28th day of *March* 1817, plaintiff agreed to live with defendant in the capacity of an overseer for the term of 12 months ("*meaning for the year* 1817") to manage defendant's business to the best of his skill, and to furnish one horse, &c. for which services the said defendant bound himself to pay plaintiff $212 on the first day of *January* 1818—averred that "in "all things he hath kept and performed his part of said cove-"nant," and assigned as breach, that defendant had not paid the $212.

*Cabiness* demurred, and assigned as causes of demurrer:—1st. That the declaration does not contain a sufficient averment of the performance of the condition precedent, in said covenant. 2d. Declaration does not aver that plaintiff lived with defendant in the capacity of an overseer for the term of 12 months, and managed defendant's business to the best of his (plaintiff's) skill, &c. and furnished one horse, &c. The Court below sustained the demurrer, and the plaintiff asked and obtained leave to amend his declaration; and thereupon filed an amended declaration, in which he recited the written agreement as before, to serve defendant as an overseer for the term of 12 months ("which term said plaintiff says was for

1st. Defendant's demurrer sustained. Plaintiff amends by leave of the Court. He cannot assign Error in the judgment on demurrer.

2d. By written articles, dated 28th *March* 1817, plaintiff agreed to serve defendant as his overseer for 12 months, *for which service* defendant agreed to pay him $212 on 1st day of *January,* 1818. The covenants are independent.

" and during the year 1817").to manage said *Cabiness's* business, &c.—" and the said *James Mullins* in fact saith, that he " did well and truly live with said *Cabiness* in the capacity of " an overseer, agreeably to the terms of said covenant, for 12 " months, to wit, during said year 1817, at said county ; that " he managed the business of said *Cabiness* during the time " he acted as his overseer as aforesaid to the best of his skill " and ability; and that he furnished one horse to tend and as- " sist in cultivating said farms agreeably to the true intent " and meaning of said covenant," and assigns for breach that *Cabiness* has not paid the $212, &c. *Cabiness*, after Oyer of the articles of agreement, again demurred, and the Court below sustained the demurrer.

*Mullins* appealed to this Court, and assigned as Errors

1st. The demurrer to the original declaration ought to have been overruled.

2d. The demurrer to the amended declaration ought to have been overruled.

*Minor* for appellant cited, 5 Comyn Dig. Pleader, c. 55. 1 Saund. 319—662. 1 Chy. Pledgs. 213, 216, 232, 234. Phillip's Evs. 416. 2 Johnson's R. 272, 387. 10 Johnson's R. 204.

*McKenly* for appellee—cited Co. Litt. 208. 8 John. 189.

Judge *Saffold* delivered the opinion of the Court.

As to the first assignment—The plaintiff acquiesced in the opinion of the Court, on the demurrer to his first declaration, and asked and obtained leave to amend. This judgment therefore was not final, and is not in our opinion subject to revision here.

As to the second assignment—It is contended by the appellee that the term of service commenced from the date of the articles, in which no time is mentioned for beginning the services, and which cannot be explained by parol evidence. But the appellee agreed to pay the money on the first day of *January* 1818, some time before the expiration of 12 months from the date of the articles of agreement. If the term of service was as the counsel for the appellee contends, the averment of performance in the declaration was unnecessary and mere surplusage, (2 John. 272, 387. 10 John. 204.) If the term was as is contended by appellant, there is a sufficient averment of performance of the covenants on his part. But we consider the covenants as independent. The second demurrer ought to have been overruled. The judgment must be reversed ; and as the written

articles ascertain the sum due, judgment must be rendered here for that sum and interest. Laws Alaba. 465; sect. 3;
Judges *Clay* and *Webb* not sitting.