Opinion of the Coukt,
Mills.
THE plaintiff and defendant in error, on the 1st day of May 1818, entered into articles of agreement, which, omitting its formal parts and recitals, contains the lowing stipulations, to wit:
“ That the said Chambers hath this day sold to the said Mason, the tract or parcel of land he now lives on, supposed,to contain one hundred and ten acres, he the same more or less, for the price of thirty-five dollars per acre, thelfiyments to be made iti the following manner, to wit: Three hundred dollars to be paid in the month June, and the balance to be paid the 25th of December next, at which time, I bind myself, my heirs, executors, fyc. tq,corivey said land to the sa<i(t Mason by a deed of general warranty>” This instrument was signed and sealed by each of the parties, and on it Chambers brought his action of covenant, ar.d assigned for breach the non-payment *254 of the first instalment of three hundred dollars in June, and the balance on the 23th of December following, \vithout averring",that on the day«of the last payment hé had fulfilled his part of the contract, or that he was ready and offered to do so. For the want of this averment ^le defendant below, now plaintiff in error,.demurred to the second breach. His demurrer was overruled by the court. He then tendered a plea of payment of the first ins^tnent of the three hundred dollars at (he day, ánd ,a' readiness to pay the last, but that the plaintiff below Was not then and there willing and ready to convey ac-c<?rc^nS 1° his contract. This plea was rejected on application for leave to withdraw the demurrer and plea, because it was not an issuable or valid plea. Á writ 0f inquiry was then awarded, and judgment rendered plaintiff below, now defendant in error; to reverse which, this writ of erroj- is prosecuted by Mason.
Where the contract is ecrformancc° on the one side consti-whotaeonsict-oration of .the performance d'one''side isnto°perfonn a part first, however evidence that he meant to rely on his ac-force tper-1" formance on the other side
^ be seen hy this state of the case, that the only question is, was the plaintiff below bound to perform the simultaneous act of conveying at the time he received the last payment, or is the stipulation to convey independent of the stipulation to pay the money1?
The rules by which covenants are construed, are so well settled in modem authorities,, that it is unnecessary to repeat them. Covenants are classed by the books into three kinds: First, those which are independent, and where each or either party may sustain an action for a breach, without any performance on his part; se- . condly,dependentorcontainingaprecedentcondition to be performed by one party, before he can have any action, although for his failure the other party may have his, without any performance; and thirdly, covenants which require a simultaneous performance of each party at the same moment, without which neither can sus’-' tain an action. However simple this classification may appear, yet it is often difficult to ascertain to which class a covenant belongs. To do this, courts resnrt to the words and intentions of the parties. To the last class or the second, this covenant must belong, as there is no foundation for supposing it belongs to the first* The plaintiff in error contends that it belongs to the ÍJhird,. and the defendant to the first' or second.
Where parties form covenants of the first class, they trust the remedy that the law give's them by action on.. *255 the covenant as their only security, and .do not reserve ^eir own performance'Vi thin their own power,’as the í®curtly to which’,they trash. In the^ast case, neither trusts to the action oirthe covenant alone, hut reserves his own property as a security till he receives or has offered to him what the other party is to do or,pay. And if eithéfmeans to use the action on the covenant, he must tender his own performance at the proper time and require the fulfilment of the other side. Hence, where it is not expressed, it is often*difficult to find fout the intention, as to which security the parties meant % rest upon. For this purpose it has been often said, that if one side is to do the first act, it is evidence thfit he intended to rely on his action, and not trust the right of retention. We also conceive it a sound general rule, that where the contract is entire, and the -performance of one side, constitutes the whole consideration of the performance ’on the other, if one side is to perform a small part first, however small, it is evidence that he meant to waive the security of retaining his own performance and rest upon his action. Here, Mason was first to pay three hundred dollars, part of the price, long before he was to receive any conveyance. This evinces that he meant to leave in favor of the other side a condition precedent, and to abandon the benefits ,of a covenant requiring simultaneous acts. If the whole price had been reserved by the plaintiff in e.rror till the hour of conveyance, and the other had not been prepared, then the contract, on a verdict rendered in favor of Mason, would have been entirely dissolved as to him, and no injustice would be done; the parties would remain in statu quo.* But if a verdict should, pass for him now on the last breach, aft.er he has performed, or may be compelled to perform the first stipulation, the contract would be left in a mangled situation, in part dissolved and in part -in force. In such a case, it is better for a court of law to reject a defence, which would only entangle and embarrass, rather than settle the whole controversy, and leave to the chancellor to redress the plaintiffin error, if he is in danger of getting no title after he pays his money.
It is true, it is competent for parties to stipulate the performance of divers acts on each side, all making but one bargain, and that the performance on each side may run parallel with the other, in which case all.may he *256 and generally are dependent.. They ¡may also mafe PaI'^ °P the stipulations dependent and part otherwise, Rftd in such case,no action.couM he «aintainfidoiMhofle which were dependent, withcffiiTfender of «nunfe-T performance, while without s.uch fender the actio’n would lie fpr a breach of other stipulations. Such is contended to be- the situation of the present instrument. To ¡snake it so, the intention ought to be more clear. The only circumstance relied on, is that the payment of the fast instalment and the conveyance were to be made at ,the same time. But this is rebutted by the contract being an entire one, and the plaintiff in error having agreed to pay the first instalment, without any act to be done oh the part of the defendant previous to or at the same moment; and no wards expressly making these last stipulations dependent, are used, or any-from which such dependence can be necessarily implied.
A majority of the court, the Chief Justice dissenting, are of opinion that the stipulation for the last payment is not dependent, and the judgment must, therefore, be affirmed with costs.