Peck, J.
delivered the opinion of the court.
This was an action of debt, brought on an instrument under seal, in the following words and figures;
*464 “<$200: By the 25th December, 1831, I will pay, or cause to he paid to Joshua Townsend, two hundred dollars, for the consideration of his relinquishing to W. S. Gray, his title to fifty acres of land on the Hurricane Fork of Paint Rock. Given under my hand and seal, the 28th August, 1830. George Gray. [l. s.]
There are three counts in the declaration; one in common form for the two hundred dollars, not noticing the relinquishment. The next count in the same form, averring that the said Joshua did relinquish to the said W. S. Gray, his title to the said fifty acres in said writing specified, to wit, on the day and year first aforesaid. In the third count was this averment: “That said Joshua is now, and always has been, ready and willing to make the relinquishment to the said W. S. Gray, of and to the said fifty acres of land,” &c. with the Usual conclusion, that he had not paid, &c. To this there was a demurrer and causes assigned, that there was no sufficient averment of performance. Both the county and circuit court gave judgment on the demurrer for the defendant. And the question on the writ of error here, is, whether the declaration contains a good cause of action. It is insisted, that the relinquishment of the land is precedent to payment of the money, and that the manner how relinquished, not being shown by averment, so that the court can judge of its sufficiency, the declaration is defective.
We hold, that the relinquishment is not, by the terms of the covenant, a condition precedent. It is neither expressed or implied, that for and in consideration of the relinquishment, the defendant would pay; it is just as fair to infer from the language used, “for the consideration of his relinquishing,” that the act was already performed. We have the rule more applicable to this case in 1 Chitty’s Pleading, 281: “Where two acts are to be done at the same time, as where A agrees or covenants to convey an estate, or to deliver goods to *465 B on a named day, or generally, and in consideration thereof, B covenants to pay A a sum of money on the same day, or generally, neither can maintain an action without showing performance of, or an offer to perform, or at least a readiness to perform his part, though it is not certain which of them was obliged to do the first act; and this rule particularly applies to contracts of sale.”
It is conceding all that the defendant ought to ask, to bring the present case within the rule cited, and admit its application. The declaration averring, as it does, a readiness to perform, is sufficient. The cases of Cunningham vs Merrell, 10 John. Rep. 203, Seers vs Fowler, 2 John. Rep. 272, are strong to maintain the present action. There, hy the terms of the contract, the money was to he paid hy a day certain; and which is to happen before the performance of the service or hy a day certain, and there is no day certain for the performance; the performance is not a condition precedent. The demurrer should have been overruled; we, therefore, so dispose of the cause, and give judgment on the demurrer for the plaintiff