Judge Ewing

delivered the Opinion of the Court.
The Circuit Court rendered a judgment upon an appeal from a justice of the peace, in favor of the appellant, in three cases, for instalments that had fallen due on a covenant contained in an article of agreement between the appellant and appellee. By which “Rush binds himself that Madison Mefford, his brother in law, and Willis Rush, his son, shall serve and work with and for the said McLure, at the carpenter’s, trade, three years from the date; he, said Rush, boarding and clothing said boys, during the term; for which, the said McLure binds himself to give the said Rush the sum of one hundred and sixty dollars for the first year, and two hundred dollars for each of the other two years, to be paid quarterly; and also is to learn the said boys the art and mystery of the house carpenter’s trade, &c.; and if said Rush should take away or cause that either or both of said boys quit before their time is out, he shall lose one half of the wages for the time worked by either or both, as the case may be.”
The time having expired for the last quarter of the first year and the two first quarters of the second year, and the *65 warrants being for the instalments due for each of those quarters, the Circuit Court gave judgments for Rush, in each case, without requiring the proof of service, in part or whole, and refused to permit McLure’s counsel to prove, that Rush had taken away said boys.
In the construction of covenants the intention of the parties must govern, and determine whether they are dependent or independent. If it appears that a party received the covenant of the other, as the consideration upon, his part, relying on his right to enforce it—he will be left to that remedy. If, on the other hand, he looks to the performance by the other party—not relying on his agreement to perform—the performance will constitute a condition precedent; as where a sum to be paid, is the consideration of some service to be performed, or, if a thing to be done, or a service to be rendered, is the consideration of an instalment to be paid, then the doing of the thing or the rendering of the service, is a condition precedent to the payment.
The Circuit Court, no doubt, went upon the ground that the covenants throughout, were independent.
It was settled by this Court, in the case of Craddock vs Aldrige, upon the authority of the cases of Sears vs Fowler, and Havens vs Bush, 2 John. Rep. 272 and 378, that “if, on the construction of covenants, any money is to to be paid before the thing is to be done, the covenants are mutual and independent.” And the rule laid down, is fully sustained by the two cases refered to in Johnson. But the Supreme Court of New York, in the case of Cunningham &c. vs Morrell, 10 John. Rep. 202, upon a full review of all the authorities, overruled the two cases in second Johnson, or the principles there settled, as an invariable rule applicable to all cases. It seems that the two cases in second Johnson were decided upon the authority of the case of Terry vs Duntze, 2 H. Bl. 389; which latter decision went upon the principle laid down in the case of Thorp vs Thorp, 1 Lord Raym. 662; but was evidently an extension or misapplication of the rule laid down in the latter case.
In the case of Thorp vs Thorp, Holt refers to the case of Pool vs Tolcester, Edw. III. 2, 3, and Pordage vs Cole, 1 Saunders, 319, in which the entire consideration was to be paid by a fixed time, and which might precede the service to be performed.
The true rule, collectible from all the cases, and clearly expounded in the case of Cunningham vs Morrell, before refered to, is that the intention of the parties shall govern. If, on the one hand, it appears that the parties looked to their mutual covenants for indemnity in case of a breach, they will be left to the remedy which they have provided by their contract. If, on the other, it be clear by the terms of the contract, that the instalment to be paid, is the consideration or price of the prior services to be rendered, or if the prior thing to be done, or service to be rendered, is the consideration pro tanto of the in *66 stalment to be paid, then the doing of the thing or performance of the service is a precedent condition to the payment of the money, and must be averred and proved.
A man covenanted that two boys—which he was to board & clothe, should serve a master 3 years; for which, the master covenanted to pay the man, so much per an. in quarterly instalments, and teach the boys the carpenter’s trade: held that the words ‘for which’ should be understood as applying to the service, not to the agreement that the boys should serve—and so the 3 months’ service is a condition precedent to the payment of the instalment due at its expiration: & must be averred and proved by the plaintiff, to sustain his suit; or, its non-performance maybe proved by the defendant to defeat the recovery.
One stipulation of a contract by which a master agreed to pay quarterly instalments for the services of two apprentices, to a party who was to board and clothe them—was that if the boys were taken away before their term expired, he should forfeit half the wages for the time they worked: held that, in an action for an instalment, the master, by showing that the boys had been taken away, might reduce the recovery one half; or, if he had paid up, might recover back half the amount of the wages accrued, or use the claim to restitution as a set-off to the amount due for the time the boys did serve.
Applying this rule to the article sued on in this case, it appears clear that the instalments were to be paid for the prior quarterly services to be rendered by the boys, and the defendant below looked to the service, and not to the covenant to serve, as the consideration of the payments to be made. Rush covenants that they, the boys, shall serve and work with and for the said McLure; for which, he is to pay the quarterly instalments.
The relative which may, most appropriately to carry out the intention of the parties, be made to refer to the services or work to be done. If so, then the work or service of the preceding quarter was looked to as the consideration of the instalment to be paid, and being precedent in order of time, to the payment, and the consideration thereof, it should have been proved.
We also think that, it was competent for the defendant below to prove that the plaintiff had taken away the boys before the term was out.
The agreement “to lose one half of the wages for the time worked, in case the boys are taken away, is, in effect, an agreement that he, Rush, is to receive one half only of the amount for the quarter for which he sues, though the service for that quarter was rendered, and would entitle him to recover only one half. Besides, it is, in effect, an agreement to refund the one half of the amount for the preceding quarters, in case he has received full pay for them, and might be relied on by McLure, as a set-off against the half, which Rush might be otherwise entitled to recover. And on this ground the proof was competent.
The judgments in the three cases, are, therefore, reversed, and the causes remanded, that new trials may be granted, without costs; and the appellant is entitled to his costs in this court.