## Case No. 2,931.

COCKER et al. v. FRANKLIN HEMP & BAGGING CO.

[1 Story, 332.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1840.

SALE AND DELIVERY — REASONABLE TIME—VARYING WRITTEN CONTRACT.

Where a contract was made to manufacture certain articles, and no time was specified in the contract, within which they should be completed and delivered; it was *held*, that the law imported, that the goods should be manufactured and delivered within a reasonable time; and that parol evidence was admissible, as evidence of what the parties considered reasonable time, but not for the purpose of varying or controlling the terms of the written contract.

At law. This was an action of assumpsit, brought by the house of [Robert] Cocker & Sons, extensive manufacturers of machinery and hardware in England, against the Franklin Hemp and Bagging Company, a corporation formerly engaged in the manufacture of cotton bagging in Boston, to recover damages, upon the refusal of defendants to accept certain copper gill stocks and steel pins manufactured by the plaintiffs, upon a contract in writing made by them with the defendants, in July, 1836. The articles ordered by the defendants were to be used as a part of the machinery in their factory. The contract, on which the action was brought, was in writing, and contained the agreements of the parties, as to the size, quantity, and construction of the articles or-

[1] [Reported by William W. Story, Esq.]

dered; the price and mode of payment for the same, and place of delivery, viz. at New York; but it contained no stipulation whatever, as to the time in which the articles were to be completed and delivered to the defendants.

The defence rested on two grounds: 1. That a specific time had been verbally agreed upon between the agents of the contracting parties, within which the articles were to be delivered, which time had elapsed before their delivery. And 2. That if that were not so, the articles ordered were in any event to be delivered within a reasonable time; and that there had been such an unreasonable delay in the execution of the order on the part of the plaintiffs, as to discharge the defendants from any obligation to accept and pay for the articles. It appeared in evidence, that the order for the articles was dated the 13th of July, 1836, and was received in England on the 27th of August of that year; that the manufacture of the articles was commenced about the last of October, or the 1st of November, and was completed on the 31st of December, 1836, and they were forwarded to New York by the first packet from Liverpool, which could take them, where, however, they did not arrive until March 14th, 1837, owing to an unusually long passage. Upon arrival there, they were tendered to the defendants, and refused by them. Evidence was also introduced by the plaintiffs, showing, that in the whole year, 1836, and more especially in the two months preceding the receipt of this order on England, there had been a very great press of business upon the plaintiffs, and a vast increase of orders for gill stocks and pins of the usual kinds. It was also proved by an inspection and examination of their order-book, which was sent out from England upon the requisition of the defendants, that the plaintiffs had not previously received any orders for an article of a pattern and construction like that ordered by the defendants. And several machinists were introduced, whose evidence tended to show, that the articles ordered by the defendants were of a very peculiar and unusual construction; which circumstances, as the plaintiffs contended, accounted reasonably for the delay in the execution of the order.

There was a direct conflict of evidence upon the other point, whether any specific time had been agreed upon by the parties as a part of the contract. Several witnesses testifying in behalf of the defendants, that it was distinctly agreed by the plaintiffs' agent, when the order was given, and as a part of it, that the articles should be delivered in four months, or by the end of November, at farthest. Upon the other hand, the plaintiffs' agent, Mr. James Cocker, testified, that he did not agree, that the articles should be completed and delivered within any specified time, though it was admitted, that

he had stated (see 1 Story, 169 [Case No. 2,-930]), he had no doubt, that the articles could be completed in thirty days, and delivered in ninety days or four months at farthest; and that such was his expectation at the time of entering into the contract; and he further testified, that he absolutely refused, when requested by the defendants, to fix a time as a part of the contract, because he could not know the state and condition of the plaintiffs' business, or their engagements, or their ability to execute the order in the time named. The written contract itself, and sundry letters of the parties relating to the contract, written before any controversy arose, and which were silent on the matter of time, as making a part of the contract, were strongly urged, and relied upon by the plaintiffs, as supporting and entirely confirming Mr. Cocker's testimony in this respect.

[On the first trial, the jury disagreed. Case No. 2,932. For a hearing on exceptions to the interrogatories and cross interrogatories, see Id. 2,930.]

C. G. Loring and Dehon, for plaintiffs.
Fletcher and Bartlett, for defendants.

STORY, Circuit Justice. Where parties have reduced their contracts to writing, the contract so written must be taken to contain all the agreement between them in relation to the subject matter thereof. And when no time (as in this instance) is mentioned in the contract, the law fixes that element of the contract, and declares it to be intended by the parties, that it is to be executed within a reasonable time. Under such circumstances, parol evidence is inadmissible to vary and control the written contract, by proving, that a specific time has been verbally agreed on by the parties, within which the contract should be executed. But such evidence may be admitted for the purpose of showing, what the parties considered to be a reasonable time, when they made the contract, and, as a fact, tending to show, what is a reasonable time. But for special reasons in this case, I shall leave it to the jury to find, whether or not any specific time was verbally agreed upon, as a part of the contract, within which the goods were to be delivered, as is contended for by the defendants. And, if they are satisfied, that a time was so agreed upon, I instruct them to find a verdict for the defendants.

The judge further instructed the jury, that what was a reasonable time in this case, was a question depending upon the peculiar circumstances of the case; and, after reviewing the evidence in the cause, applicable to that question, he left it to the jury to say, whether the plaintiffs had used due diligence, and executed the order, under all circumstances, within a reasonable time; or whether there was such delay in the execution of the order on their part, as discharged the defendants.

The jury returned a verdict for the plaintiffs, for the whole amount claimed and interest.