Shields, Justice, delivered the opinion of the court: Joseph Duncan, Stephen S. Phelps, and Alexis Phelps brought an action of debt, in the Henderson circuit court, against George A. Charles. The declaration contained three counts, founded on three sealed notes. The writing obligatory set forth in the first count was as follows: “One year after date, I promise to pay Joseph Duncan, S. S. Phelps, and Alexis Phelps, or either of them, or order, one hundred and thirty-eight dollars 75-100 cents, together with six per cent, per annum interest from date; and in case of a failure to pay the note when due, I promise to pay twelve per cent, interest per annum on it from date, value rec’d in lot No. 8, in block No. 24, in the town of Oquawka. July 20th, 1836.” This note was signed and sealed by the defendant. The note set forth in the second is, in all respects, the same as to date, amount, etc., except that it is payable in two years after date ; anti the one upon which the third count is founded is exactly similar, except in being payable in three years after date. To this declaration the defendant pleaded several pleas, amounting in all to eleven in number. An issue of fact was joined on the first plea, and issues of law on the others. The court overruled the demurrer as to the second, third, fourth, fifth, and sixth pleas, and sustained it as to the seventh, eighth, ninth, tenth, and eleventh pleas ; and the plaintiffs choosing to stand by their demurrer, judgment for costs was given against them below. To reverse this judgment the plaintiffs prosecute their writ of error, and assign for error the decision of the [* 565] court in overruling the demurrer to the second, third, fourth, fifth, and sixth pleas. The second plea, which is a plea of total failure of consideration, avers that the sealed notes in the plaintiff’s declaration mentioned were executed as part of the consideration for the execution of a certain penal bond by the plaintiffs to the said defendant, in the penalty of $1110, bearing even date with the said sealed notes, and subject to the following condition: “ Whereas the said George A. Charles purchased of the said Duncan and Phelps, lot No. 8, in block No. 24, in the town of Oquawka, in the said county of Warren, for the sum of $555, one fourth part of which has been paid, and the said Geoi’ge A. Charles having executed to the said Duncan and Phelps, his notes for the payment of the remainder in three equal annual payments, the said Duncan and Phelps are therefore bound, in the aforesaid sum of $1310, to execute or cause to be executed to the said George A. Charles, a good and sufficient warranty deed to the said lot, upon the payment of the full amount of said notes and interest; but in case of failure in the payments, or any of them, the said George A. Charles forfeits all-claim, right and title to the said lot, and also all money that he may have paid in.” The plea further avers a failure on the part of the plaintiffs, either to deliver or tender a good and sufficient warranty deed to the defendant, either at the time the said notes became due, to wit, July 20th, 1839, or since, and therein avers a failure of consideration. The third plea only differs from the second, in averring that at the time appointed for the full payment of the money, the said plaintiffs neglected to tender or deliver a deed to the defendant. The fourth plea only differs from the second in averring a failure in the payments of the said notes, whereby all claim to the lot was forfeited, and also to the money paid in, and a failure on the part of the plaintiffs to deliver or tender a deed, whereby the contract became rescinded. The fifth plea avers a failure to execute, or cause to be executed, a good and sufficient warranty deed at the time the payments became due. And, The sixth plea is also a plea of total failure of consideration, and differs from the others in averring that neither at the time the said writings obligatory were executed, nor at any time before the same became due and payable, did the said plaintiffs have a good title to the said lot. These pleas go tp the whole declaration. First. Are the notes and title bond in this case to be considered as oné contract ? They were made between the same parties at the same time, and relative to the same subject matter. The whole constituted but one single contract. The same-point has been decided Ly this-court, in the [*566] case of Bailey v. Cromwell et al. 3 Scam. 72. It is there laid down that a note and agreement made at the same time mustbe taken together as forming one entire contract; so in the case of Jackson v. McKinney, 3 Wend. 234, the court says, “ It has been repeatedly held that when two instruments are executed at the same time, between the same parties, and relating to the same subject matter, they are to be construed together, and considered as forming but one contract.” This point is therefore to be regarded now as settled. The next which arises in considering the sufficiency of these-pleas is this: are the plaintiffs entitled to recover in this action without having first conveyed or offered to convey the lot mentioned in the agreement to the defendant? The answer to this question depends upon the character of the contract, and whether the stipulations of the parties are dependent or independent, or whether some ai-e dependent and some independent. The note set forth in the first count became due and payable on the 20th day of July, 1837; that set forth in the second count became payable on the 20th day of July, 1838,; and that set forth in the third count, on the 20th day of July, 1839. A right of action accrued on each of these notes when the same became due, and the plaintiffs were not required by the agreement, to make a deed, until payment of the whole amount-. The obligation, therefore, to pay the two first notes was independent of any act to be performed previous to, or at that time, by the plaintiffs. It is contended, however, that though the obligation of the defendant to pay the two first notes was to be considered an independent covenant in the first instance, yet by neglecting to enforce payment of the notes when they became due, and by waiting until the time -of performance on the part of the plaintiffs had elapsed, their covenants, once absolute and independent, became mutual and dependent; and to recover upon any of them, the plaintiffs must have conveyed, or tendered a conveyance to the defendant, previous to the commencement of this action. The rule universally adopted in the construction of contracts is the intention of parties at the time, as collected from the language of the contract. By this rule we determine whether the stipulations in a contract are dependent or independent; but there is no rule which can regard covenants as one day independent and the next dependent. The case of Johnson v. Wygart, 11 Wend. 50, was somewhat relied on in argument as an authority in support of this position ; but the decision in that case, when properly apprehended, is very different. The action was covenant. The defendant covenanted to pay the plaintiff for a certain tract of land $ 155, in three equal annual installments; and the plaintiff covenanted, upon payment thereof, to make a good warranty deed of said land. The breach in the declaration was for the non-payment of the whole consideration, and not for the non-payment of the installments, and as payment of the last installment was dependent, and [*567] there being but' one breach for the whole, to sustain the action an averment of performance or an offer to perform was necessary. This was the reason assigned by the court for that decision; whereas it is not only intimated, but it is evident, that it would have been otherwise if the non-payment of each installment had been assigned in a separate breach. A case in 4 Blacbf. 342 is also relied upon as deciding that an independent covenant may, by delay, transmute itself into a dependent covenant. The reasoning of the case, if taken in extenso, would certainly warrant this position ; but this reasoning is nowhere else, that we can find, sustained by authority. An action on an independent covenant' may doubtless be defeated by a cause of defence arising after the cause of aetio'n first accrued; but in no imaginable case can an independent covenant, which has been once broken, and upon which a cause of action has consequently accrued, be converted .or shifted into a dependent covenant. The plaintiffs in this case were bound to' convey a good title to the defendant upon full payment of the notes; that is, upon full payment of the whole consideration money. The construction of the contract, so far as it relates to the third note, is this: If the two previous notes'had been paid by the defendant, the pay-, ment of the third note and the conveyance of the land would have been mutual and dependent acts; but while the two first notes continued unpaid, neither payment, nor an offer to pay the third note would entitle the defendant to a conveyance. The obligation to convey depended upon the payment of the whole consideration, and not upon the payment of any part thereof. 1 Bibb 453; 4 Bibb 342; 4 Littell 255. The obligation of the defendant to pay the two first notes was absolute and independent, and a cause of action accrued upon each note as soon as it became payable, and a cause of action having once accrued upon the note, by force and virtue of the contract, there is nothing to be found in the contract itself to defeat the right of action afterwards. The whole contract taken and construed together contained both independent and dependent stipulations. The following authorities sustain this position. Couch v. Ingersoll, 2 Pick. 300. In an action of covenant the court determined that, as the first act was to be done by the defendant, and nothing was to be done by the plaintiff until after that time, such covenant was independent; and the other act and the covenant of conveyance were mutual and dependent covenants, aud the right to enforce performance of one depended upon the performance, or offer to perform, the other. In Kane v. Rood, 13 Pick. 281, the plaintiff declared in assump-sit on a written agreement to pay 1700 in three installments, the deed to be executed at the completing of the last payment. The court decided that the stipulations to pay the two first [*568] installments were independent acts, and the stipulation to pay the third installment a dependent act. The chief justice in that case says: “ The only question which would seem to be presented by the facts is, whether, in a contract between parties relative to the same subject matter, some stipulations may be mutual and independent and others dependent and mutually conditional. The question was settled in the case of Couch v. Ingersoll, 2 Pick. 292. Indeed, the point in question constituted distinctly the ground of decision in that case, because the plaintiff, without having tendered performance on his part, recovered on a breach of covenant, because it was independent,' and failed upon another, because, by the construction put upon it by the court, it was dependent.” This is a ease exactly in point. The action, like the present, was an action of assumpsit, and the court held that the two first installments were recoverable, but the third not, without a tender of performance. The two first notes, in the present case, are recoverable without a tender of a conveyance ; and as the two first counts are founded upon these notes, and the second, third, and fifth pleas goto the whole declaration, they are defective. • The fourth plea avers a failure on the part of the defendant to pay the said notes, whereby all claim to the lot and money paid in became forfeited, and also a failure on the part of the plaintiffs to deliver or tender a deed, whereby the contract became rescinded. The defendant is not allowed to take advantage of his own default to rescind the contract, and whether the neglect of the plaintiffs to enforce payment of the notes when they became due is to be considered an election on the part of the plaintiffs to rescind the contract is not a proper subject of enquiry in a court of law.' 1 Sug. on Vend. 25.9; 2 Pere Wms. 191. The sixth plea avers a failure of consideration, for the reason that the plaintiffs had no title to the said lot, either at the time of the execution of said notes or before or at the time the said notes became due. This plea only avers a want of title at and before the notes fell due, and for anything contained in it, non constat but that the plaintiffs afterwards acquired title, before the commencement of this action. The defendant being in default iu consequence of his failure to make the previous payments is not entitled to a conveyance or tender of a conveyance upon the falling due of the third note, without first tendering all the money, nor are the plaintiffs entitled to recover upon the last note, the payment of which and the conveyance of the lot being dependent and concurrent conditions, without a previous performance or offer to perform on their part. The sixth plea is therefore bad in not averring a want of title at the commencement of the suit. This view of the case does not, in any sense, deprive the defendant of any defence given him by the statute relative to promissory notes. The 5th section of that act [*569] gives the defendant a right to interpose any defence which may exist at the time of the commencement of the action, on the ground of either a total want, or an entire or partial failure, of consideration in every case when an action is brought on a note, bond, bill, or other instrument in writing, for the payment of-money or property, or the performance of covenants, or conditions by the obligee or payee. This statutory defence is an equitable one, and intended principally to prevent a multiplicity of actions, and, when confined to defences which exist at the time of the commencement of the action, will tend to further the ends of justice ; but if applied in a loose, crude manner, to change the terms of contracts, or vary the stipulations of parties, principles established by the wisdom of centuries will be overthrown, and in the construction of contracts, we will be once more cast afloat on a sea of uncertainties. It is said the demurrer goes back to the declaration, and that it is defective in not showing that all the plaintiffs were, at the” time of bringing the action, residents of Henderson county, as the defendant was a resident of a different county. After the defendant appeared and pleaded, it was too late to make this objection. The court erred in overruling the demurrer to the second, third, fourth, fifth and sixth pleas. The judgment below is therefore reversed, at the costs of the appellee, and a repleader ordered. Judgment reversed.