## Allen *vs* Sanders.

APPEAL FROM THE McCRACKEN CIRCUIT.

*Covenants, dependent and independent.*

JUDGE SIMPSON delivered the opinion of the Court.

'COVENANT.

·Case 146.

September 29.

THIS is an action of covenant on an agreement in which the plaintiff in error stipulated to erect for the defendant a building of a certain description, to be finished in a specified time, and in a workmanlike manner, for which the defendant agreed to give to the plaintiff fifty dollars in hand, thirty two dollars and fifty cents when the work was completed, and eighty two dollars and fifty cents at a subsequent period.

This suit was brought for all the payments. The defence was, that the work is not done according to the contract. Verdict and judgment for the defendant; from which an appeal has been taken by the plaintiff.

The plaintiff's right to recover involves the construction of the agreement sued upon. If the covenants are entirely independent of each other, then the defence relied upon was invalid. If they are dependent, in whole or in part, to that extent the plaintiff could not recover without alledging and proving a performance upon his part.

It was decided by this Court in the case of *Craddock* vs *Aldridge,* (2 *Bibb,* 15,) that where any money is to be paid before the work is to be done, the covenants are independent; and in the case of *Mason* vs *Chambers,* (4 *Litt.* 253,) it is said that where the contract is entire and the performance of one side. constitutes the whole consideration of the performance on the other, if one side is to perform a small part first,. however small, it is evidence that he meant to waive the security of retaining his own performance and rest upon his action. But in the case of *McClure* vs *Rush,* (9 *Dana,* 64,) it is decided that the intention of the parties as collected from the whole agreement, is to govern. If upon the one hand it

Case stated and Judgment of the Circuit Court.

It has been held, in a contract to do work where any money is to be paid before the work is to be done, the covenants are independent: (2 *Bibb*15; 4 *Litt.* 253.) But the whole contract should be considered, to ascertain the intention of the parties: (9 *Dana* 64.)

If one party rely upon the coven-ant of the other party for indem-nity, he will be left to that reme-dy; but if up-on performance, then perform-ance is a prece-dent condition.

appear, that the party relied upon the covenant of the other for an indemnity in case of a breach, he will be left to the remedy which he has provided by the contract.

If, on the other hand, it be manifest by the terms of the contract, that the instalment to be paid, is the con-sideration of the *prior services to be rendered, then the performance* of the service is a precedent condition to the payment of the money. This rule of construction seems to be most reasonable; each part of the contract where the performance is to be partial and not entire, is made to depend upon its own terms. Part of the stipu-lations may be dependent and part otherwise, and in such case no action can be maintained on those which are de-pendent, without counter performance, or something equivalent, while without such performance the action would lie for a breach of other stipulations. If the in-tention of the parties cannot be gathered from the terms of the contract, and there is nothing to give it construc-tion but the partial performance on one side, then the rule laid down in the case of *Craddock* vs *Aldridge* may apply.

A. stipulated to build a house for S. by a specified time, and S to pay $50 in hand, balance when the work was done, &c. Held that the payment of the $50 was an independent covenant, which might be sued upon without a-vering perform-ance; but as to the part which was to be paid when the work was done, no suit could be maintained with-out an averment of performance.

Applying these rules of construction to the contract sued on, it is evident that the agreement by the defend-ant to pay the sum of fifty dollars in hand, was an inde-pendent stipulation, and that the plaintiff had a right to demand its payment without any averment of perform-ance on his part, because it was to be paid before the plaintiff, by the terms of the agreement, was bound to do any part of the work. The payment of thirty two dollars and fifty cents was to be made when the work was com-pleted. It was not due until that time, and the plaintiff, according to the evident intention of the parties, to show *his right to demand it, had to aver and prove performance* on his part, agreeably to the contract. The subsequent payment of eighty two dollars and fifty cents is expressly stated in the agreement, to be for doing the work, mani-festing by the terms used, the intention of the parties to be, that the plaintiff's right to it was to be dependent on the performance of the prior service by him.

As the plaintiff then, had a right to recover the fifty dollars, without proving that he had performed or tender-

ed performance on his part, the defendants plea relying upon the fact that the work was not done according to the contract, inasmuch as it purported to be a defence to the whole action, was not a good plea. It only contained a defence to the payment of the two last instalments, and had it been plead to that much instead of the whole of the plaintiff's action, it would have been a good plea to that extent. The instruction of the Court to the jury on the trial, is liable to the same objection. It made the plaintiff's right to a verdict for any thing, depend upon his having executed the work in the manner he had bound himself to do by the contract, instead of confining the instruction, as should have been done, to the two last instalments.

Wherefore, the judgment is reversed and cause remanded for a new trial, and further proceedings in conformity with this opinion.

*Husbands* for appellant; *Herndon* for appellee.