Drake v. Goree et al.

## DRAKE *vs.* GOREE ET AL.

22 409
131 454
131 455

1. Whenever it is stipulated by the terms of a written contract, that, the money shall be paid before the completion of the work which constitutes the consideration for its payment, or on a day certain without reference to its completion by that day, the stipulations are independent, and the performance of the work is not a condition precedent to the payment of the money.
2. But when no time is specified in the contract for the performance of the work, the rule of law is, that it must be performed within a reasonable time; and if the day of payment, as fixed by the contract, would happen after that time, the presumption is, that the parties intended the performance of the work to precede the payment; the stipulations would then be dependent, and the money could not be recovered without an averment and proof of performance.
3. What is a reasonable time for the completion of the work, is, generally speaking, a question of fact, to be determined by the jury under all the circumstances of the case, with the necessary instructions from the court.
4. Whenever a written contract, complete in itself, contains a term which it is impossible for the court to construe, without the aid of evidence *aliunde*, it is proper to resort to such evidence for that purpose.
5. If the party by whom the work is to be performed, while the contract is executory, does an act which shows conclusively that he does not intend to perform his part of the contract, this justifies the other party in treating it as ended.

27

ERROR to the Circuit Court of Greene.

Tried before the Hon. GEORGE D. SHORTRIDGE.

ASSUMPSIT by the defendants in error against Drake, on a written contract made and entered into between Drake of the first part, and the defendants in error of the second part.

The parts of this contract which are material to the understanding of the case, are as follows: "The parties of the second part contract to build a dwelling house for the party of the first part, of the following dimensions and particulars." (Here follow the specifications.) "They agree to do the carpenter's work about this house, in a plain, neat and workmanlike manner; for and in consideration of which carpenter's work, the party of the first part agrees to pay, on the first day of January, 1851, to the parties of the second part, fourteen hundred dollars. The party of the first part is to furnish all the materials for building the house above described, at the place where it is to be located; and he is to use all means to keep them (the carpenters) constantly engaged, until the house is completed. Made and entered into this 21st day of May, 1849."

On the trial, the plaintiffs introduced evidence showing that, on the 10th November, 1850, at which time two-thirds of the work was done, the building was destroyed by fire, occurring by accident attributable to no neglect of either party; and that the value of the work done at that time was from one thousand to fifteen hundred dollars. The defendant introduced proof, conducing to show that from twelve to eighteen months was a reasonable time for the completion of the work specified in the contract; "and that after the destruction of said building by fire, between December 25, 1850, and January 1, 1851, the defendant tendered to the plaintiffs to fulfil his part of said contract, if they would do theirs, and that plaintiffs declined so to do."

The court charged the jury, amongst other things, as follows:

"That the stipulations in the contract were independent, and that the plaintiffs could recover in this action, on the first day of January, 1851, the sum agreed to be paid by the defendant for the work, without averring and proving an

entire performance on their part of the work, or an excuse for the non-performance thereof;" to which charge the defendant excepted.

The defendant then requested the court to charge :

"1. That the instrument declared on sets out an entire contract, and that the plaintiffs in this suit cannot recover on any count on such contract, without averring and proving performance, and readiness and willingness to perform on their part, and a refusal on the part of defendant to allow performance;

2. That when no time is designated within which an act is to be done, the law requires that it shall be performed in a reasonable time; and if the jury believe from the testimony that the time from the execution of the contract, to-wit: May 21, 1849, to January 1, 1851, was a reasonable time for the completion of the carpenter's work agreed on, then the plaintiffs cannot recover, without showing performance, or a readiness and willingness on their part to perform and a refusal on the part of the defendant;

3. That the refusal of the plaintiffs to comply with their part of the contract, when the defendant tendered to them to comply with his part thereof, if they would do theirs, amounted to a rescission of the contract, and that the plaintiffs could not recover."

The court refused each one of these charges, and to each refusal the defendant excepted.

The charge given, and the several refusals to charge as requested, are now assigned for error.

James D. Webb, for plaintiff in error.

Syd. Moore, contra.

GOLDTHWAITE, J.—The principal legal questions presented in this case, arise out of a contract executed between the parties on the 21st May, 1849. By its terms, the defendants in error agreed to do certain carpenter's work, the specifications of which are set forth in the contract, in a neat and workmanlike manner; in consideration of which carpenter's work, "the party of the first part (the plaintiff in error) agreed to pay, on the first day of January, 1851, to the party

of the second part (the defendants in error) fourteen hundred dollars," and to furnish all the materials for the work, at the place where the house on which the work was to be done was to be located, so as to keep the carpenters constantly at work, until the work was completed. The court charged upon this contract, that the stipulations, as to the payment of the money and the performance of the work, were independent; and upon this charge, the first assignment of error is based.

There can be no question, that if it appeared upon the face of the contract, that it was the intention of the party stipulating for the payment of the money, to pay it either upon the completion of the work, or on a day certain, without reference to its completion by that day, in such case, his stipulation would be independent; and this we understand to be the principle asserted in the case of Thorpe v. Thorpe, 1 Salk. 171. The rule is there laid down, that if, by the terms of the contract, the money is to be paid by a day certain, which must or may happen before the doing of the act which constitutes the consideration of the payment, the performance is not a condition precedent; and in such case, the party may sue for his money without averring or proving performance; and we do not well understand how there can be an exception to this rule. The law, in the construction of written contracts, must arrive at the intention of the parties from the terms which they themselves have used; and whenever they appoint the day of payment on a day certain, which may arrive before the service contracted for is performed, they show conclusively that they did not intend to refer the payment of the money to the performance of the service. The rule is one of construction simply, and, so far as we have been able to discover, has been steadily adhered to by the courts of Westminster since the time of Lord Holt.—Terry v. Duntze, 2 H. Black. 389; Campbell v. Jones, 6 Term R. 572; and has also been recognized by our own tribunals. Cunningham v. Morrell, 10 John. 203; Allen v. Sanders, 7 B. Mon. 593.

While, however, we defend the rule to which we have referred, as a correct one, in determining from the face of the contract the intention of the parties, in the particular cases

to which it is applicable, we do not think that the stipulations we are considering necessarily fall within it. It is true, that the contract has fixed no time within which the work specified is to be performed, but it does not follow, that the performance may therefore be extended beyond the time fixed for the payment of the money. The rule as established by this court is, that when an act is to be done, and no time is prescribed for its performance, the law requires it to be done within a reasonable time; (Watts v. Sheppard, 2 Ala. 425; Burnett v. Stanton, ib. 181;) and although the rule may be laid down rather too broadly, there can be no doubt that it is properly applicable to all agreements for work, of the character specified in the present contract. The undertaking, then, of the defendants in error was, to perform the work specified within a reasonable time; and if the day of payment would happen after that time, the rule in Thorpe v. Thorpe, *supra*, could not apply, as they would be under a legal obligation to complete the work before the time fixed for payment; and the presumption then would be, that the parties contemplated its completion before it was to be paid for. Assuming that six, nine, or twelve months would have been a reasonable time for the doing of the work, and the day of payment was fixed at eighteen months, no other just inference could be drawn upon these facts, than that the parties intended the performance of the service to precede the payment; and if such was the intention, the stipulations would be dependent, and the amount agreed to be paid could not be recovered, without an averment and proof of performance.

We cannot, however, as a matter of law, determine from the face of this contract whether its stipulations are dependent or independent. The undertaking of the defendants in error, as we have already seen, was to complete the work specified within a reasonable time; and although there may be cases, in which the court, in the construction of a written instrument, might properly determine a question of this character, there must also necessarily be many cases in which it would be impossible to arrive at any certain or definite conclusion. The contract may relate to the time required for the making of an article, the process of which is known only to those actually engaged in its manufacture; to a thousand matters

of art or skill, where truth is only to be attained through the medium of experts; and in cases of this character, is the court blindly to grope its way to conclusions, for no other reason than because the construction of a written instrument is involved, or to obtain through testimony that information upon which alone it can decide understandingly? Upon principle, as well as authority, we entertain no doubt, that in all cases where a written contract, although complete in itself, contains a term which it is impossible for the court to construe without the aid of evidence *aliunde*, it is proper to resort to such evidence for that purpose. Commonwealth v. Pope, 3 Dana 418; Jennings v. Sherwood, 8 Conn. 127.

In the present case, the work to be performed appertains to a trade; the specifications are in relation to matters which the court cannot be presumed to have any knowledge of, and the question of reasonable time, applied either to the delivery of articles, or the doing of work, is, generally speaking, one of fact, and to be determined by the jury under all the circumstances which surrounded the case at the time the contract was made. Watts v. Sheppard, and Burnett v. Stanton, *supra;* Cocker v. Franklin Man. Co., 3 Sum. 530; S. C. 1 Story 332. The proper course would, therefore, have been, to have referred the contract to the jury, with the necessary instructions. The question of construction upon the evidence would be simply as to the intention of the parties, as to whether the performance of the work was to precede the payment of the money, in which event the stipulations would be dependent; while on the other hand, if the payment was fixed on a day which would or might happen before the completion of the work, it would be evidence that the parties did not intend to refer the payment of the money to the performance of the work; and in such a case, as we have already seen, the stipulations would be independent.

It results from these views, that the charge of the court, that the stipulation for the payment of the money was independent, was erroneous; and for the same reasons, there was no error in the refusal of the court to give the first charge asked for, which was, in legal effect, that the same stipulation, as it appeared upon the face of the contract, was dependent.

The second charge should have been given; as, under the

rules we have laid down, if after ascertaining what was a reasonable time within the contemplation of the parties, it should appear that such time would come before the day prescribed for the payment of the money, it in law would be precisely the same as if this time for the performance had been expressed upon the face of the contract. The stipulation would then be dependent, and the performance within the time, in the absence of excuse, would be necessary to be averred and proved.

In relation to the last charge requested, taken in connection with the evidence on which it was based, we understand it simply to assert the proposition, that if, while the contract was executory, the party who had stipulated to perform the work did an act which showed conclusively that he did not intend to perform his undertaking, the law would authorize the other party to put an end to the contract; and viewed in that aspect, we regard the proposition as a correct one. It would not, we apprehend, be insisted, that if the parties, by mutual agreement, had rescinded the contract, a recovery could be had; and we are now unable to perceive any difference, so far as the rights of the parties are concerned, between a rescission proper and the termination of the contract in the way mentioned. In either case, the defence to an action brought upon the contract would be full. Apply these principles to the case before us. The accidental burning of the house, without the fault of the plaintiff in error, did not ex_onerate the other party from the legal obligation which rested upon him. The rights of the plaintiff in error were not affected by this circumstance; and if, while the contract was executory, the defendants in error did any act which showed clearly they did not intend to perform their portion of the contract, it would have justified the other party in terminating it.

For the error we have noticed, the judgment is reversed, and the cause remanded.