## Jackson and others vs. Cleveland.

15   107
80    41
15   107
81   666

Where a contract to perform work is entire and indivisible, it must be performed, or a legal excuse for not performing it according to its terms must be shown, before an action can be maintained upon it.

But it is otherwise, if it appears from the terms of the contract that the parties did not intend to make the entire performance of it a condition precedent to the receiving or being entitled to a rateable compensation for a part of the work actually done.

The plaintiffs, subcontractors on a railroad, were to receive 85 per cent. of the contract price of their work monthly, upon estimates of the company's engineer, (the balance to be reserved till the completion of the job); and it was agreed that if should appear to said engineer that the work was not progressing rapidly enough to ensure its completion by a time specified, the contractor might employ other help to hasten its completion, at the subcontractors' expense, or the engineer might, in such case, determine that they had abandoned their contract, in which event the contract on the part of the contractor was to be void. After the plaintiffs had been engaged in the work about five months, the engineer, acting under the above provision, determined that they had abandoned the contract. They had received about $8200 on their monthly estimates, and after said determination of the engineer, obtained his final estimate of their work, showing that it amounted to about $3,350

more than that sum. A complaint against the contractor, alleging these facts, was *held* to show a cause of action.

The complaint also alleged in the same count, that the defendant had promised to pay the plaintiffs for their labor as soon as he had received payment therefor from the railroad company, and that he had received such payment. Whether such *subsequent* promise would not have supported the action, even if it were held that, according to the original contract, an entire performance would have been essential to a recovery, *quære*.

APPEAL from the Circuit Court for *Racine* County.

The complaint in this action alleged the following facts: On the 27th of February, 1855, the defendant, who had contracted with the La Crosse and Milwaukee Railroad Company to construct a certain portion of its road, entered into a contract in writing with the plaintiffs, by which the latter agreed to construct said portion of the road for him. Monthly estimates were to be made by the engineer of the company, as the work progressed, and 85 per cent. of the estimates was to be paid monthly to the plaintiffs, and the remaining 15 per cent. was to be retained until the work was completed and accepted by the engineer. The other material provisions of the contract are stated in the opinion of the court. Under this contract the plaintiffs commenced the construction of that part of the road-bed mentioned therein, in March, 1855, and continued work upon it until the 10th of August following, " when they were notified by the engineer of said railroad company that he had determined their said contract abandoned, for the reason that the [work under the] same was not progressing with sufficient rapidity, and [he] directed the plaintiffs to cease work under said contract." The complaint then states the amount of work of different kinds which the plaintiffs had performed under the contract, and which had been accepted by the engineer of the railroad company; the value of the several kinds of work; that the said defendant was paid much more than those rates for the same work by said company; and that the defendant had received payment from said company for all the work done and materials furnished under the contract by the plaintiffs. From time to time as the work progressed, the plaintiffs received from the engineer of the company monthly estimates of the work so done and materials furnished, and the defend-

January Term, 1862.

JACKSON et al.
v.
CLEVELAND.

ant had paid them $8270.44 on account thereof. After the 10th of August, they received a final estimate of the amount of work done and materials furnished by them. The complaint further alleged that the plaintiffs had frequently demanded payment of the amount due them from the defendant, and that he promised to pay the same whenever he should get a settlement and get pay from said company; that the defendant had recovered judgment against the company, and had sold the same and been paid therefor; that afterwards the plaintiffs demanded payment from him of the amount due them, which he refused; and that there was due them from him, for work done and materials furnished under the contract, $3351 with interest.

The defendant demurred to the complaint as not stating a cause of action; and appealed from an order overruling his demurrer.

*Mat. H. Carpenter*, for appellant:

The contract set forth in the complaint shows that it was stipulated that in case the engineer should think that the work was not progressing with sufficient rapidity, he might declare the contract abandoned, and it should thereafter be " *null and void.*" The complaint shows that the engineer did for that reason declare the contract void. And there is no averment of fraud or injustice in this declaration of the engineer. The complaint itself must therefore be taken to state that the contract was broken by the plaintiffs; and therefore they cannot maintain any action upon it. No authorities need be cited to show that the plaintiff cannot recover on an entire contract which he has himself broken.

The alleged subsequent promise to pay has no consideration to support it. Nor is it alleged that the contingency upon which the promise depended has happened. The averment that "the defendant has recovered judgment against said company, and has sold the same and been paid therefor," is not sufficient. It is not averred that the judgment which the defendant obtained was for this work, or included it, or had any reference to it. The defendant may have considered the judgment worthless, and sold it for a mere nominal sum; in which case it could not be contended that even

if the judgment did include the price for this work—which is not stated—the defendant had obtained payment for the work done.

*E. Mariner*, for respondents.

*By the Court*, COLE, J. If the contract set forth in the complaint is construed to be an entire, indivisible one, which the respondents must perform or show some good legal excuse for not performing it according to its terms, as a condition precedent to their recovering anything upon it, then obviously the action cannot be maintained. But if, on the contrary, it appears from the terms of the agreement, that the parties to it did not intend to make the entire performance of it a condition precedent to receiving or being entitled to a ratable recompense for the work actually done, then it can be sustained. That the contract is of this latter character, we think is clear from its various stipulations. Take the following clause: "And said parties of the first part further covenant and agree with said party of the second part, that for a failure to make and complete the work herein contracted to be done, within the time fixed for its completion, or in case it shall appear to said engineer that the work is not progressing with sufficient rapidity to insure its completion within the time specified, then said party of the second part may employ other or additional help to hasten the completion of the work, and the expense of such help shall be paid by said party of the first part to said party of the second part; or the said engineer may in such case determine that the contract has been abandoned by said party of the first part, and in the event of such determination, this agreement on the part of said party of the second part shall be null and void; and said party of the second part, in such case, shall have full right to contract with any other person or persons instead of said party of the first part, for the completion of the work thus abandoned."

In a subsequent clause of the contract, it was agreed that the chief engineer should, as the work progressed, make monthly estimates, as near as practicable, of the value of the work done, which estimates were to be paid as therein specified.

The complaint shows that the engineer determined that the contract had been abandoned by the respondents, for the reason that the work was not progressing with sufficient rap- idity. But it further alleges that the respondents perform- ed work and furnished materials to a considerable value before such determination by the engineer, and that the ap- pellant had received the benefit of such work and materials, and had been paid therefor by the railroad company. Now is it not the most rational and natural construction to be placed upon this agreement, to say that the parties thereto understood and intended that as the work progressed and the materials were furnished, the subcontractors should be paid therefor by the principal contractor? The work to be performed was of great magnitude and importance. Certain sums were to be paid upon estimates of separate parts of the work performed. Monthly estimates were to be made as the work progressed, and the respondents were to receive a ratable compensation for what was done. In case the work did not progress with sufficient rapidity to insure its com- pletion within the time specified, the principal contractor reserved to himself the right of putting on additional force to secure its completion, which additional force was to be paid by the subcontractors. But it was only the expense of this extra help that was to come out of the moneys due them on the contract.

In the event the engineer declared the contract abandon- ed, then the same was to be no longer binding upon the ap- pellant, but he was to have the right to contract with any other person instead of the respondents for the completion of the work abandoned. But although the contract should be declared abandoned, yet we cannot think the parties in- tended in that case that the respondents should forfeit all rights under it, and lose the value of such labor as they might have performed while the same was in force. It is more in accordance with the equity and reason of the case, to say that under such circumstances a partial performance entitled the respondents to a partial recovery. So far as the contract was performed, and was actually beneficial to the appellant, justice would seem to require that he should

January Term,
1862.

JACKSON et al.
v.
CLEVELAND.

make compensation, although he might have the right to contract for the completion of the work with other parties in case it was abandoned. It seems very analogous in reason and principle to the doctrine laid down in *Perkins v. Hart*, 11 Wheat., 237; *Cunningham v. Morrell*, 10 Johns., 202; *Tompkins v. Elliot*, 5 Wend., 496.; *McLure v. Rush*, 9 Dana, 65; in which cases it was held that where an entire work was to be done for a certain sum, of which parts were to be paid at fixed periods during the time in which the work should be going on, the performance was neither wholly dependent nor wholly independent, but a ratable part of the money might be recovered upon showing a ratable performance. And this construction of the contract derives very great force from the clause which gives the appellant the option to put on additional help at the expense of the respondents, to complete the work in time.

It is also alleged in the complaint, that the appellant promised to pay for the work performed whenever he should get a settlement with, and himself be paid therefor by the railroad company. It is averred that he has been paid, and yet that he refuses remuneration for the value or benefit which he received. It is by no means clear that this promise, under the circumstances, would not support the action, even were it held that an entire performance of the contract was a condition precedent to any recovery. But the consideration of this question becomes immaterial, in view of the construction which we have put upon the agreement set forth in the complaint.

The order of the circuit court overruling the demurrer, is therefore affirmed.