KELLER, Respondent, vs. OBERREICH, Appellant.

*November 4 — November 23, 1886.*

*Contract: Condition precedent to payment: Waiver: Recovery of advances.*

1. In a contract for digging a well the obtaining of good water, or water as good as that in another well, may be made a condition precedent to payment.

2. If, in such case, it is claimed that the well is completed, and, with knowledge of such claim and that the condition has not been performed, payment is made without any objection or notice of non-acceptance, such payment operates as a waiver of the condition.

3. But if there is no acceptance or waiver, and the money is advanced upon a promise that the well shall be properly completed, such advances may be recovered if the condition is not performed.

APPEAL from the Circuit Court for *Sheboygan* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced in justice's court to recover $36.50, for work, labor, and material performed and furnished by the plaintiff, at the defendant's request, about August 20, 1884, in digging and constructing a well for the defendant. The answer, in addition to a general denial, was, in effect, that in June, 1884, the plaintiff agreed to dig and curb a certain other well for the defendant, on another lot, for the consideration of one dollar a foot, on condition that if the defendant did not get good and sufficient water from said well suitable for all purposes then the plaintiff should not receive any pay for the digging and curbing of said well; that said well was so dug and curbed by the plaintiff; that the defendant paid the plaintiff thereon $40; that the water in said well was impure and not suitable for family purposes as intended, and was absolutely useless for the defendant, to his damage $40, which he claimed as a setoff against any claim of the plaintiff, and demanded

judgment for said sum' of $40. The plaintiff, replying, admitted that he dug the well mentioned in the counterclaim, and received the $40, but denied each and every other allegation. On the trial in the justice's court the plaintiff recovered judgment for $36.50 damages, and $4.19 costs. The defendant appealed to the circuit court, wherein the case was retried, and upon such trial the plaintiff recovered judgment for $36.50 damages, and $22.45 costs. From that judgment the defendant appeals to this court.

The cause was submitted for the appellant on the brief of *Geo. W. Foster*, and for the respondent on that of *Paul T. Krez.*

For the respondent it was contended, *inter alia,* that even though the contract as to the first well was as the defendant claimed, yet he having known all the facts and no fraud having been practiced on him when he paid the $40, he cannot recover the amount so voluntarily paid. *Benson v. Monroe,* 7 Cush. 125; *S. C.* 54 Am. Dec. 716; *Harrison v. Milwaukee,* 49 Wis. 252; *Sanger v. Mellon,* 51 id. 560.

CASSODAY, J. The testimony of the parties is in direct conflict as to the terms of the contract for digging the well mentioned in the defendant's counterclaim. So far as this appeal is concerned, we must consider as proved what the evidence on the part of the defense tends to prove. The answer does not state whether the $40 was paid before the plaintiff claimed to have completed that well; but the evidence on the part of the defense, given without objection, tended to prove, in effect, not only the facts alleged in the answer, but that the well was to be as good as another named, and that it was not; and also that the $40 was paid before that well was completed, and under a promise on the part of the plaintiff that if the water was not good he would make it good by digging deeper; and that the defendant was in other ways put off, as to the completion of the

well, and did not accept the well as completed, nor pay the money in satisfaction of a completed well.

It was certainly competent for the plaintiff, by his contract, to make the obtaining of good water, or as good as the sample well, a condition precedent to his right to any pay for it. If such were the terms of the contract, then the plaintiff was not entitled to pay for the well without performance on his part, unless the defendant waived such performance. *Warren v. Bean,* 6 Wis. 120; *Jackson v. Cleveland,* 15 Wis. 107; *Jennings v. Lyons,* 39 Wis. 553; *Koplitz v. Powell,* 56 Wis. 671; *Oakley v. Morton,* 11 N. Y. 25; *S. C.* 62 Am. Dec. 49; *Gray v. Schooley,* 43 U. C. Q. B. R. 209, and cases there cited. Under the evidence stated, it was, at least, a question of fact for the jury whether the defendant waived the alleged condition precedent and accepted the well as completed. *Morehouse v. Comstock,* 42 Wis. 626; *Olson v. Mayer,* 56 Wis. 551; *Winkler v. Patten,* 57 Wis. 405.

If at or prior to the time of paying the $40, however, the plaintiff claimed to have completed the well, and the defendant, with knowledge of such claim and that the condition had not been performed, paid the money without any objection or notice of non-acceptance, then such payment operated as a waiver of the alleged condition. In addition to cases cited by counsel, see *Locke v. Williamson,* 40 Wis. 377; *Thompson v. Libby* (Minn.), 29 N. W. Rep. 150. But if there was no such acceptance or waiver, and the defendant advanced the money with the expectation and upon the promise that the plaintiff would complete the well in accordance with the defendant's version of the contract, then the defendant was entitled to an allowance of the money so advanced, without regard to whether the defendant had sustained any damages by reason of the digging of the well or not.

The question of acceptance or waiver was not submitted

to the jury. On the contrary, they were, in effect, charged that there could "be no recovery or offset against the plaintiff's demand for the money so paid," because it was not paid by reason of any fraud practiced upon the defendant by the plaintiff, nor "under any mistake of fact in regard to the condition of the first well." Manifestly, the case was not submitted to the jury upon the theory of the law above indicated, and hence there was a mistrial.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.