Kent, Ch. J.
delivered the opinion- of the court. We cannot distinguish this case, so as to take it out of the operation of the cases of Sears v. Fowler, and Havens v. Bush. (2 Johns. Rep. 272. 387.) 'Those cases were governed by the English decision, in Terry v. Duntze; (2 H. Bl. 389.) but from a more full, consideration of the subject, we are now led to believe that the court of C. B. carried too far the principle of mutual and independent covenants. It is true, that if by the terms of the contract, the money is to be paid by a day certain, and which is to happen, before the performance of the service,.or by a day certain, and there is no day certain for the performance, the performance is not a condition precedent; and the party may sue for the money, without-averring or showing performance. This is what was said by Lord Holt, in the ease of Thorp v. Thorp, (12 Mod. 455. 1 Ld. Raym 662.) and he went no further with the doctrine of mutual covenants. Where it would be repugnant to the contract to make the service a condition precedent, the parties, he observes, are left to mutual remedies, on which,, by the express words of the agreement, they have depended. The cases which he cites of Pool v. Tolcelser, 48 Edw. III. 2, 3. and Pordage v. Cole, 1. Sound, 319. are to this effect; and in both of them, the entire com sideration was to be paid by a fixed time, and which might pre-. cede the service. Lord Holt further said in that case, “ what is the reason that mutual promises shall bear an action without performance? One’s bargain is to be performed according as he makes it. If he makes a bargain, and relies on the other’s covenant or promise to have what he would have done to him, it is his own fault. If the agreement be that A. shall have the horse of B,, and A. agree that B. shall have his money, they may make it so %. *207 anti there needs no averment of performance to maintain an action on either side; but if it appear by the agreement that the plain intent of either party was to have the thing to be done to him performed, before his doing what he undertakes of his side, it must then be averred
After this rational explanation of the rale, we cannot but think that it was misapplied, or carried to an unreasonable length, in Terry v. Duntze. The covenant in that case was, that the plaintiff should finish the building by a given day, and the defendant was to pay the consideration by instalments as the building should proceed, and according to a certain and specified state of advancement, and the remaining part of the consideration when the building should be completed. But because two several sums of money were to be paid before the whole was performed, and when only a part of the service was performed, the court held the covenants independent, and, as we understand the case, and as the reporter understood it, that the plaintiff might maintain his action for the entire consideration, without any averment of performance. This was contrary to the plain understanding of the parties, and was not warranted by any of the cases referred to. It was sufficient for the plaintiff to have shown the advance of the building as stipulated, to have entitled him to the instalment then to be paid, but to have entitled himself to the last instalment, he was bound to aver and show a completion of the contract^ The good sense and justice of the case, as it appears to us, required this construction, and the meaning of the parties could not have been mistaken. The error in that case, and in the two cases in this court which followed it, consisted in holding the cove-i nants to be independent throughout, because a part of the consideration money was to be paid before the entire service was to be performed. This might have been the case, if the contract in all those cases had not provided that a certain part of the consideralion was to be paid on the completion of the service, and which rendered the service, pro tanto, a condition precedent There is nothing unreasonable nor unusual in such an agreement. It has been the constant language of the English courts, that the dependence or independence of covenants, depended on the good sense and meaning of the contract Their precedency,” said Lord Mansfield, “ must depend on the order of time in which the intent of the transaction requires their performance.” A mechanic generally stands in need of advances,, from tiraje to time, in aiding, *208 him to procure materials to carry on his work, and the employer* ^ prudent, will generally reserve a considerable payment until the work be completed, and to depend on such completion. But if all these payments can be demanded, without performance, merely because a part of them were to be made as the work advanced, it would be making the intention of the parties subservient to technicaf rules. The parties have an undoubted right, if they please, to make tjieir covenants dependent or independent throughout, or to make the covenánts independent as to one payment, and dependent as to another. They have a right to mould their contracts so as to suit their mutual convenience and interests, and when the courts can ascertain their meaning, they are so to construe the contract as to give effect to that meaning, provided the purpose be lawful. For these reasons, I apprehend that we have yielded with too muck deference to the decision in Terry v. Duntse, and did not sufficiently advert to the evil consequences of the doctrine in the extent there laid down. It becomes, then, our duty to limit the ope-' ration of that case, and of the two cases in this court which were founded upon it, so as better to fulfil the intention of the contract, and the justice of the case; and in doing this, we may be permitted to consider it as some apology for those decisions, that we, at the time, reposed upon the authority of so respectable a tribm B¿1 as the C. B.; and, especially, when its decision was supported by so distinguished a judge as Butler, who was equally eminent for a clear and sound judgment, and for diligent and profound in~ quiry.
Having thus freed ourselves from undue embarrassment in considering the real merits of this case, we say that as the road was to be completed on or before the 20th of October, 1810, and as the defendant was to pay therefor the sum of 6,000 dollars, to be paid on or before that day, in instalments as the work progressed the just construction of the contract is, that if the plaintiffs will go for the whole consideration money, they are bound to aver and show a performance of the whole work, and if they go for a ratable part of the money, they are bound to show a ratable performance.' The decision of the referees was accordingly correct, and the motion, to set aside their report ought to be denied.
Motion denied.