## DAVIS v. AYRES.

1. Where one party stipulates with another to pay him fifty dollars *per month* for four months, for his services as clerk in a store, and then refuses to allow the services to be performed, without a sufficient cause, the party engaged as a clerk, may immediately commence an action against his employer, and recover, not only the damages sustained by the breach of contract, at the time the suit was brought, but such as may be developed up to the trial. And although the declaration alledges that the four months had expired, without making any reference to the time when it was filed, or the issuing of the writ, it cannot prejudice the finding of the jury, where the proof is ample to show a good cause of action, as stated by the plaintiff.

Writ of Error to the Circuit Court of Mobile.

This was an action of assumpsit, at the suit of the defendant in error. The first count alledges, the employment of the plaintiff below, as the clerk of the defendant, at the stipulated price of fifty dollars *per month*, from the first day of July, to the first day of November, in the year 1844, the readiness of the plaintiff to perform the services, and the refusal of the defendant to allow him. In the second count, the employment of the plaintiff for the same period is alledged, and a promise to pay as much as the services were worth, which is averred to have been two hundred dollars. A count is added for money had and received. The cause was tried upon the plea of *non assumpsit*, a verdict returned for the plaintiff for two hundred dollars, and judgment rendered accordingly.

On the trial the defendant excepted to the ruling of the court. The employment of the plaintiff as a clerk for the defendant was proved as alledged in the first count of the declaration. *Further*, that on the first day of July, 1844, the plaintiff went to the defendant's store, and proposed to enter upon the stipulated service, but the defendant refused to receive him, remarking that he had no use for his services. There was no evidence as to the time when the wages were to be paid, but the writ issued on the 10th October, 1844.

The court charged the jury, that if the defendant hired the plaintiff for four months, and afterwards repudiated the contract, the latter was entitled to recover. Whereupon the defendant prayed the court, that as the plaintiff had commenced his suit before the expiration of the term for which he had agreed to serve the defendant, he could not recover in this action. This charge was refused, and the jury were instructed, that if the wages were payable at the end of the four months, then the plaintiff could not recover. Thereupon the defendant excepted.

J. A. CAMPBELL, for the plaintiff in error. As the term for which the plaintiff below was hired, had not expired when the action was commenced, and no part of the service had been performed, he cannot recover for work done. [2 East's Rep. 145; 3 C. & P. Rep. 349; 10 Serg. & R. Rep. 235; 13 Pick. R. 50.

The contract set out in the first count of the declaration, is not supported—although it avers that the plaintiff was prevented by the defendant from performing his contract, it supposes that the four months had expired. The proof shows that the suit was commenced before the first of November; and consequently that the wages were not due. [3 C. & P. Rep. 349; 9 Peters' Rep. 541, 566.]

COLLIER, C. J.—It is laid down in many of the books, that where there is an express agreement for particular services, for a definite time, and the plaintiff is discharged by the defendant before the time has elapsed, and is prevented from performing the services, he must declare on the special agreement. [Algeo v. Algeo, 10 Sergt. & R. Rep. 235; 9 Peters' Rep. 541; see also, 3 Sergt. & R. Rep. 505; 11 Wheat. Rep. 237; 2 East's Rep. 145; 9 Conn. Rep. 564; 5 East's Rep. 316.] So it has been held, that where payment is to be made by bill, at so many months after date, and the defendant refuses to accept, the plaintiff must declare specially for the breach, (4 East's Rep. 147; 9 Id. 498;) but after the time has expired *indebitatus assumpsit* will lie. [1 N. Rep. 330; 2 Stark. Rep. 227; 3 B. & P. Rep. 582.]

The first count sets out the contract for four months' ser-

vice, at fifty dollars *per* month, the defendant's refusal to permit a performance, then states the expiration of that period, and deduces as a consequence the liability of the defendant to pay for the entire time, the sum of two hundred dollars. This count certainly discloses the agreement of the parties according to the proof; but after doing this, it alledges that the four months had expired. Now although this allegation may have been true, at the time the declaration was filed, yet if the test of the writ, and the date of its service are to be accredited, the term for which the plaintiff stipulated to render service had not ended when the suit was commenced.

There can be no question but it was competent for the plaintiff, immediately upon the refusal of the defendant to permit him to become his clerk, to institute his action. Then the defendant committed a breach of his contract, and it was competent for the plaintiff to avail himself of it, without waiting for the damages to become fully developed. In Wilcox et al. v. Plummer's Ex'r, 4 Peters' Rep. 172, it appears, that an attorney, in whose hands an indorsed note was placed for collection, sued the maker, who proved insolvent; he then issued a writ against the indorser, but mistook the plaintiffs names, and they were non-suited, previous to which time the statute of limitations operated a bar. The question was, in an action against the attorney, whether the statute of limitations began to run when the attorney ought to have sued the indorser, or when he committed the blunder in issuing the writ. The court said, "when the attorney was chargeable with negligence, or unskilfulness, his contract was violated, and the action might have been sustained. Perhaps, in that event, no more than nominal damages may be proved, and no more recovered; but on the other hand, it is perfectly clear, that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear, the *damage* is not the cause of action." See also, Mardis' Adm'rs v. Shackleford, 4 Ala. Rep. 506-7-8.

It is very explicitly stated, in the case cited from 4 Peters, that the cause of action results from the breach of duty, and that the plaintiff may recover, not only for damages actually sustained previous to the commencement of the action, but

for such as may occur in consequence of the breach up to the time of trial. Here the defendant agreed to accept the plaintiff's services, and pay for them; he refused to permit him to enter upon the employment, thereby dissolving the contract, and discharging the plaintiff from the obligation to perform it. [Miller v. Ward, 2 Conn. Rep. 494; Whitney v. Brooklyn, 5 Conn. Rep. 405; see also, 9 Conn. Rep. *ut supra.*

From this view of the law, we think the proof made out a case which entitled the plaintiff to recover on the first count. That count states the case specially, and whether the allegation, that the four months had expired, be referrable to the suing out of the writ, or the filing of the declaration, we think not at all material; for however it be considered, the proof is ample to show a good cause of action, which is in no manner affected by it. And as for the damages, these we have seen might be calculated up to the day of the trial of the issue, if they had been increased since the breach of the defendant's contract.

The consequence is, that the judgment of the Circuit Court is affirmed.