## FOWLER & PROUT vs. ARMOUR.

1. If one contracts to serve another for one year, at a stipulated sum payable monthly, and is discharged, without any fault on his part, before the expiration of the year, he may treat the contract as still subsisting, and sue in assumpsit for wages due according to its terms, or he may consider it rescinded, and sue for unliquidated damages for its breach ; if he sue on the contract, he can only recover the wages due by its terms before the institution of the suit ; if for damages for breach of contract, he is entitled to recover the actual damage sustained up to the trial ; but the sum specified in the contract would not, of itself, be the exact measure of such actual damage.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

ASSUMPSIT by Charles Armour against the appellants, "to recover the sum of $480 for a breach of contract, it being the sum of money agreed to be paid by said defendants to said plaintiff, for his services for one year from the 10th of May, 1852 ; said plaintiff having been discharged from the performance of his part of the contract." The writ was

issued on the 26th of July, 1852, and was executed on the defendants on the 3rd of September ; the declaration is entitled "October Term, 1852," and the trial was had on the 21st of March, 1853. The declaration contained a special count on the contract, and the common *indebitatus* count for work and labor done. The special count sets out the contract, and avers that plaintiff entered on the discharge of his duties, but was discharged by the defendants before the expiration of the year, without any fault of his, " although he was willing, and always since has been willing to serve them," &c.; "by means whereof the said defendants became liable to pay said plaintiff said sum of forty dollars, at the end of each and every month, until the same amounted to four hundred and eighty dollars." The defendants demurred, "generally, in short, by consent," to each count in the declaration ; but their demurrer being overruled, they pleaded *non assumpsit*, payment, and set-off, with leave to give any special matter in evidence.

The court charged the jury, amongst other things, "that, if they believed that plaintiff and defendants contracted together, that plaintiff should work for defendants, as engineer, for a year, and for his services as such defendants were to pay him forty dollars a month, at the end of each and every month; and if they believed that plaintiff had continued to work under the contract, until discharged by defendants, without any fault on his part, then he was entitled to recover; and the measure of damages in his favor would be, the amount of monthly wages, as specified in the contract, *done* to the end of the month next before the time of trial, although plaintiff was employed elsewhere during the whole, or any part, of the time embraced in the contract, subsequent to his discharge by the defendants, if he was, at all times, ready to perform his part of the contract, but was prevented from doing so by defendants. And, further, that it was only incumbent on plaintiff to prove that such a contract was made, his performance so long as the defendants would permit, his discharge by them without a previous fault on his part, and his readiness and willingness, at all times, to complete his part of the contract, in order to entitle him to claim from the defendants the wages according to the

contract, from the time the contract was commenced to be performed, to the expiration of the month immediately preceding the trial."

The defendants excepted to this charge ; and they now assign for error the overruling of their demurrer and the charge of the court.

P. HAMILTON, for appellants :

The first count alleges a special contract for one year, from May 10, 1852, at $480 per year, payable monthly; that plaintiff entered upon the performance of his contract, but was discharged by defendants, without fault on his part, "although he was willing, and always has been willing to serve them"; and concludes with a *super se assumpsit* to pay him $480, "the said sum of money." The contract thus set out is a special and entire contract.—12 Metcalf 286 ; 12 Johns. 165 ; 4 Gilman 64 ; 19 Johns. 337 ; 1 Stewart 29 ; Smith's Mercantile Law 427.

To entitle him to a recovery plaintiff must allege that he has fully performed the duty assumed by him, or that he was prevented from so doing by the defendant, and that he has been, during the whole time, ready and willing to perform it.—2 Pick. 267 ; 4 *ib.* 103 ; 2 Penn. R. 454. The case shows, that, even if he had been ready and willing, he could not aver it, for he had sued before the expiration of the year. He may have been willing, too, without being ready; for he may have contracted other engagements ; he may have been sick, and unable to perform the work demanded ; and he does not allege that he was ready.—2 Denio 609 ; 4 Ala. 336. Upon defendants' refusal to continue him in their employment, without fault on his part, he might at once have sued, in a *quantum meruit*, for the value of his services.— 12 Vermont 625 ; 2 W. & S. 26; 2 Denio 609. But his action is not so framed ; it is framed only to recover the sum of money contracted to be paid for the year's service. The special count, then, cannot be sustained : it was upon an entire contract, on which the whole must be recovered, or nothing at all ; and at the date of the suit, or at the time of the trial, the whole period of time covered by the contract had not elapsed.

These consideratious furnish a marked distinction between this case and that in 9 Ala. 292. In that case, no gross sum of money was mentioned, to mark the contract as an entire contract; that was, or might be, a severable contract; and the whole period covered by the contract had elapsed before the trial, which is not the case here : this is an action for wages, as contracted to be paid, and not for damages for a breach of contract. This precise point was hinted at in 11 Ala. 375, but was waived by the court as not arising under that declaration. It directly arises here.

An *indebitatus assumpsit* count for $480, for work and labor done, was joined with the special count. A recovery, if any, must be had on the special contract; for, such a contract being proven, no recovery can be had on the common counts, unless the contract has been rescinded, and *iudebitatus assumpsit* will not lie until the expiration of the time.—12 Ala. 720, 221 ; 10 *ib*. 332 ; 15 *ib*. 735 ; 4 *ib*. 336 ; 9 B. & C. (15 E. C. L. R.) 330 ; 2 Murphy 248 ; 3 S. & R. 505 ; 10 *ib*. 235.

Wm. Boyles, *contra :*

Armour had a right to bring his action as soon as he was discharged.—Davis v. Ayers, 9 Ala. 293; 12 *ib*. 720. After the defendants had refused to let him perform his contract, he was not bound to stand ready to perform in all time to come : he was not obliged to aver and prove an offer to perform, with *uncore prist*.—8 Barb. S. C. R. 426, and cases there cited. Where damages are fixed by the contract, although the defendant might reduce the damages by proof, *prima facie* the plaintiff is entitled to the amount of compensation agreed on.—Webb v. Coonce, 11 Missouri R. 11.

The evidence discloses that Armour was seen after his discharge, engaged at work in another saw-mill ; but there was no evidence that he was employed, or that he received compensation. The defendants are the wrong-doers ; and all presumptions, as between them and the person wronged, should be made in favor of the latter, and the *onus* of proof on the former.—2 Denio 610. There is no evidence that Armour ever received one cent for his services, from the time he was discharged until the trial; therefore, the charge

on that subject was abstract, and no injury was done to the defendants.—4 Ala. 367 ; 8 *ib.* 828 ; 11 *ib.* 733. And whether correct or not, as a legal proposition, it is no ground for reversal on error.—1 Porter 139 ; 3 Ala. 599; 6 *ib.* 631; Reavis' Digest, p. 319, and cases there cited.

PHELAN, J.—The first count in the declaration is a good count on a special contract for wages, and with the liberal indulgence shown to declarations under our laws and rules of practice, we might be even disposed to hold it good as a count for breach of the contract, if that were necessary to sustain the judgment below.—Davis v. Ayers, 9 Ala. 292.

But, whether the action is to be treated as one for damages arising from a breach of the special contract, alleged and proven, or for wages due according to contract, the charge of the court we conceive to be erroneous.

The proof shows, that Armour engaged with the plaintiffs in error to serve them for one year from the 10th May, 1852, at $40 a month, payable monthly, as an engineer at their saw-mill. Armour served a few months, and was then taken sick, and was absent for a time. When he returned and offered to continue his services, the plaintiffs in error refused to permit him to continue them any longer. He then brought this action, and the writ was executed 3rd of September, 1852. The trial below took place 21st of March, 1853.

The conduct of plaintiffs in error, if they refused, as he avers, to permit him to continue his services as engineer, without fault on his part, left open to Armour two modes of redress by suit: he could either treat the contract as rescinded, and sue immediately for a breach of the contract ; or he might treat the contract as still subsisting, and bring his action for the wages due him according to the contract.

If he had sued for breach of the contract as upon a rescission, his action would necessarily be for unliquidated damages. He would be entitled to recover the actual damage he had sustained by breach of the contract on the part of the plaintiffs in error, in refusing to permit him to go on with his services ; and in that case he would be allowed to prove

any such actual damage—the natural and proximate consequence of such breach—as had sprung up or developed itself up to the time of the trial.—Davis v. Ayers, 9 Ala. 292; 4 Peters 172.

But in such case, the amount of wages for which he had stipulated would not be the measure of damages. His actual damage, all the circumstances considered, whether more or less than that, would be the true measure of the amount which he would be entitled to recover. The amount of wages for which he had stipulated might very properly be taken into consideration by the jury, to aid them in forming a correct estimate of the actual damage he had sustained, but would not be, of itself, the exact measure of such actual damage.

If, on the other hand, he sued for the wages due according to the contract, his action· would, of course, be one for liquidated damages.    If entitled to recover at all, it must be, not for the breach of a contract which, on account of the unlawful act ef the other party, he treats as no longer subsisting between them, but for the breach of the stipulations of a contract which he treats as still subsisting.  If, then, he recovers in such an action, it must be his wages, the specific sum agreed to be paid for his services; and, moreover, if the suit is on the contract for the wages due according to its terms, the wages must be due and payable, in fact, before any action for them can lawfully be commenced: that is, Armour must have either done the service, or have been ready and willing to do it, for the whole time for which he brings suit.   Under this contract, he could have brought suit at the end of every month, or of three, five, or any other number of months, the wages being expressly made payable monthly.—Davis v. Preston, 6 Ala. 83 ; 10 Johns. 203.

Now, under the first aspect of the case, that is, supposing the action to be for the breach of a rescinded contract, the charge of the court is erroneous; because the jury are instructed' "if they believe," &c., "then he (Armour) was entitled to recover ; and the measure of damages in his favor would be, the amount of monthly wages, as specified in the contract, down to the end of the month next before the trial of the cause." The amount of wages agreed to be paid by

the terms of the contract, as we have shown, would not be the true measure of the actual damage resulting in such case; and that alone is the true measure, when the action is for a breach of the contract which one party treats as no longer subsisting, on account of the refusal of the other party to perform his stipulations.

But, if the action is to be regarded as one founded on the contract as still subsisting, the charge of the court is erroneous ; for, in the face of the pleadings, and the proof, showing that the contract was entered into 10th of May, 1852, the writ executed 3rd of September, 1852, and that the trial took place 21st of March, 1853, the jury are instructed, "if they believe," &c., then the plaintiff was "entitled to claim from the defendants the wages according to the contract, from the time the contract was commenced to be performed, to the expiration of the month immediately preceding the trial." This would be allowing a man to sue for and recover wages before his wages were due—before he had either performed his work, or offered to perform it according to his contract; which is contrary to well settled principles. The distinction is this : If the action be for breach of a contract still subsisting, and for liquidated damages, the action cannot be properly brought, until the sum is due and payable by the terms of the contract, and the plaintiff cannot recover more than is due at the time of suit brought ; but, if one party commits such a breach of the contract, that the other party is for that reason at liberty to treat it as rescinded, and does so, he may sue for such breach of the contract immediately ; and his recovery, in the latter case, will be such actual damage as he can show to have been the natural and proximate consequence of the act of the other party, up to the time of the trial.—9 Ala. 292 ; 11 *ib.* 375 ; 2 Green. Ev. §§ 253, *et seq.;* 6 Ala. 83 ; 10 Johns. 203.

The judgment is reversed, and the cause remanded.