MARTIN *vs.* HILL.

[ACTION FOR RENT—RECOUPMENT.]

1. *Evidence; specific objection to part, when not good.*—Where objection is made to an entire piece of evidence, on specific ground, and any part of such evidence is admissible for any purpose, although the evidence objected to may not be competent to prove the matters specified, the objection will be overruled.

2. *Damages; measure of.*—Where a lessor contracts to make certain repairs, what it would cost the lessee to make or have such repairs made, is not the only measure of damages for a breach of the contract.

3. *Charge; to be given must be applicable to the evidence.*—The court may properly refuse to give a charge, which is not a correct legal proposition, applicable to the evidence.

4. *Recoupment; damages on; rule of.*—Any damage resulting from the breach of a contract, to a party who is sued upon it, may be *recouped*, and such damages are not to be restricted to the commencement of the suit, but to the time of trial.

APPEAL from the City Court of Montgomery.
Tried before Hon. T. M. ARRINGTON.

THIS was an action by Martin against Hill for $200 rent of a house in the city of Montgomery. The complaint alleges, that defendant rented of plaintiff his house at $800, for the year, from 1st October, 1865; and that this sum was due for the first quarter. Defendant pleaded the general issue, and among other pleas, the following:

"5th. That plaintiff was indebted to the defendant in the further sum of $500 for the breach of a contract, entered into between the plaintiff and defendant heretofore,

to-wit, &c., by which defendant rented the premises of plaintiff, (for the use and occupation of which this suit is brought,) by which the plaintiff agreed to repair the fences, and building thereon, around the lot rented ; and defendant avers, that plaintiff failed for an unreasonable time to do so, by which defendant was damaged to the extent of five hundred dollars," &c.

To this fifth plea there was a demurrer, and the demurrer was overruled by the court below. Issue was taken on the other pleas.

In the bill of exceptions, it is stated "that defendant put in evidence to the jury, that the plaintiff, at the time of said renting, and as part of the same contract, undertook to repair the fencing on a back lot, part of the premises rented, and that he did not repair the same until May, 1866, as aforesaid, and thereby his loss was great ; that, if said last named lot had been repaired in a reasonable time after the contract was made, the benefit to defendant from raising of vegetables thereon for the time of the renting, would have been worth one half the whole sum to be paid for the premises."

"The plaintiff objected to this testimony, as to the injury sustained as incompetent, because the defendant could not set-off the damages sustained from the breach of the contract, by the plaintiff, against the sum sought to be recovered of him for rent ; but the objection was overruled, and plaintiff excepted.

"The plaintiff objected to the same testimony as proper or competent evidence to show the damages sustained by breach of the contract, because the proper measure of damages therefor was, what it would have cost to have made the repairs as agreed upon by plaintiff; this objection was also overruled, and plaintiff excepted."

The plaintiff requested the court to charge the jury :

1st. That the defendant cannot set up as a defense to this action, the failure of the plaintiff to repair the premises.

2d. If the defendant sets up a defense, the failure of the plaintiff to repair the premises, the amount which he should be allowed to recover, is the amount that it would have ta-

ken to put the premises in repair, according to his agreement; and this is to be estimated according to the evidence of what it would have cost to make such repairs.

3. That the defendant cannot set up as a defense to this action, any damages he sustained from the failure of the plaintiff to repair the premises, except such as he sustained up to the commencement of this suit.

These charges were severally refused, and to each refusal, plaintiff excepted.

The jury rendered a verdict in favor of the defendant for the sum of 106 38-100 dollars.

The rulings in relation to the admission of testimony, and the refusals to charge as aforesaid, were assigned for error.

ELMORE, for appellant.
WATTS & TROY, contra.

BYRD, J.—1. The bill of exceptions recites that "this suit was to recover the first payment of two hundred dollars due on the 1st day of January, 1866." The summons was issued on the 14th April, 1866. From the evidence, it appears that the appellant rented to the appellee a house and lot from the first day of October, 1865, to the first day of October, 1866, for the sum of eight hundred dollars, payable quarterly. It would seem, therefore, that two quarters rent was due when the suit was brought. There were five pleas, and the appellant took issue on all but the fifth, and to that he demurred, but did not specify any ground of demurrer. The record does not show that the court passed upon this demurrer, nor that any issue was taken on the plea. The judgment entry recites that the jury were "sworn to well and truly try the issue joined."

It appears that the appellee "put in evidence to the jury that the plaintiff, at the time of said renting, and as a part of the *same contract*, undertook to repair the fencing on a back lot, part of the premises rented, and that he did not repair the same until May, 1866, and in consequence of this failure so to repair, the defendant was prevented from planting the said last named lot in vegetables until May,

1866, as aforesaid, and thereby his loss was great. That if the said last named lot had been repaired in a reasonable time after the contract was made, the benefit to defendant from raising of vegetables thereon for the time of the renting, would have been worth one-half of the whole sum to be paid for the premises."

The appellant made two objections "to this testimony as to the injury sustained as incompetent," and specified the grounds of his objection. If any part of the testimony was admissible for any purpose, the court did not err in overruling the objections, although the evidence may not have been competent to prove the matters specified by the appellant. He should have asked appropriate instructions to the jury upon those matters, or the sufficiency of the evidence.—*Brazier & Co. v. Burt*, 18 Ala. 201; *Cook & Scott v. Parham*, 24 ib. 21; *McCreary v. Turk*, 29 ib. 244; *Adams & Wife v. Adams*, ib. 433; *Jones v. Stearns*, 28 ib. 677. We held at this term in the case of *Weaver v. Shropshire*, upon the authorities cited in the opinion, that a defendant, when sued on a contract, might recoup or set-off the damages he may have sustained from the breach of the contract on the part of the plaintiff. At least, such is the legal result of the decision in that case.

Hence, a part of the evidence objected to was admissible as tending to show the damages sustained by a breach of the contract, and as the objections were to the entire evidence of the appellee, and a part of it, if not the whole, was admissible for the purposes indicated, the court properly overruled them.—27 Ala. 514; *English v. Wilson*, 34 Ala. 201.

The first charge asked was correctly refused upon the doctrine herein before announced.

The natural and proximate damages resulting from the breach of contract, are those which the party injured is entitled to recover, and we know of no invariable rule by which they can be ascertained in all cases where the contract does not furnish the means of doing so. The contract shown by the evidence, did not bind or authorize the appellee to make the repairs, and what it would have cost either party to make them, is not the only measure of dam-

ages in such a case.—*Fowler et al. v. Armour*, 24 Ala. 194 ; *Green v. Linton*, 7 Por. 133, ib. 73 ; *Hill v. Rishop*, 2 Ala. 320 ; *Roudy v. The Mayor*, 6 ib. 328 ; *Hunter v. Waldron*, 7 ib. 793; *McLane v. Miller*, 12 ib. 643 ; *Hatchett v. Gibson*, 13 ib. 587 ; *Jones v. Dyer*, 16 ib. 221 ; *Ward v. Reynolds,* 32 Ala. 384 ; *Lecroy v. Wiggins*, 31 ib. 13 ; *Chicago & Rock Island Railroad Co. v. Ward*, 16 Ill. 522 ; *Lawton v. Fitchburg Railroad Co.*, 8 Cushing, 230.

The court did not err in refusing to give the second charge, as it was not a correct legal proposition applicable to the evidence contained in the record.—*Hughes v. Parker*, 1 Por. 139 ; *McGehee v. Powell*, 8 Ala. 828 ; *Milton v. Rowland*, 11 ib. 733 ; *Swift v. Fitzhurgh*, 9 Por. 40.

3. As to the third and last charge, we are satisfied, upon the weight of authority, that any damage resulting from the breach of a contract to a party who is sued upon it, may be *recouped,* and that such damages are not to be restricted to the commencement of the suit, but to the time of trial.—*Fowler et al. v. Armour, supra* ; *Fail & Miles v. McKee*, 36 Ala. 68, and authorities therein cited, p. 69 ; *Davis v. Ayres*, 9 Ala. 292 ; *Marlin v. Everett*, 11 ib. 375.

Whether any damages which may accrue after suit brought can be plead by way of set-off to the action, is not raised in this case, and we will intimate no opinion thereon ; nor, for the same reason, do we intimate any opinion upon the question, whether a defendant is entitled to a judgment for any excess of damages over the amount sought to be recovered by the plaintiff, when such damages are allowed by way of recoupment. These questions were not so specifically presented to the court below, nor by the assignments of error, as to authorize us to decide them.

Affirmed.