# Liddell *v.* Chidester.

*Action by Employe for Breach of Contract of Employment.*

1. *Splitting entire cause of action.*—A single and entire cause of action can not be split up into two or more suits: a suit and recovery for a part of the demand is a waiver and bar as to the residue.

2. *Contract of employment by telegraph.*—A contract of employment, consummated by telegraph, for "one thousand dollars a year," unexplained, is a contract for the year at the gross sum, and not for monthly wages aggregating that amount.

3. *Remedies of employe discharged without cause.*—When a person is discharged from his employment without cause, before the expiration of the stipulated term, he may (1) treat the contract as rescinded, and sue on a *quantum meruit* for the services performed; or (2) sue for an entire breach of contract, and recover all damages suffered up to the trial; or (3) wait until the termination of the contract, and recover as on performance.

4. *Conclusiveness of judgment.*—A judgment in favor of a discharged employe, in an action claiming wages for the month in which he was discharged, is conclusive between the parties, as to the fact that the discharge was without cause, and the further fact that the contract was for monthly wages, and not a gross sum for the year.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The facts appear in the opinion. The charges given at request of plaintiff Chidester and excepted to by Liddell were as follows:

1. If the jury believe all the evidence, they must find a verdict for the plaintiff.

2. "If the jury believe the evidence, the plaintiff would be entitled to recover the balance due under said contract for each month, or part of a month thereof, from the first day of August, 1885, at the contract price until the end of the contract year, which was February 29th, 1886, with interest thereon from this last date."

[Liddell v. Chidester.]

ARRINGTON & GRAHAM, ·for appellant.

TROY, TOMPKINS & LONDON, *contra.*

STONE, C. J.—The most important inquiry in this case, alike of law and of · fact, was whether Chidester was employed by Liddell to perform a year's service for one thou<sub>sand</sub> dollars to be paid in gross, or to be paid in monthly installments. If the former, then the recovery and enforcement of the judgment for a part of the demand in June, 1886, is a complete defense and bar to this action, and nothing should be recovered. This, under the well known principle, that a plaintiff can not split up a single cause of action into two or more suits; and if he does so, and recovers a part of his demand, this is a waiver of and a bar to the residue of his claim, be it much or little.—*Oliver v. Holt,* 11 Ala. 574; *O'Neal v. Brown,* 21 Ala. 482; *S. & N. R. R. Co. v. Henlein,* 56 Ala. 368; *Wharton v. King,* 69 Ala. 365.

If, on the other hand the wages were due and demandable at the end of each month, then the recovery of one installment, unreversed, is a complete answer to, and preclusion of all defenses to the merits, which were, or could be pleaded to such second suit.—*Rakes v. Pope,* 7 Ala. 161; 3 Brick. Dig. 580, §§ 75, *et seq.;* Whart. Civ. Ev. § 758; *Gardner v. Buckbee,* 3 Cow. 120.

The contract in this case was by telegraphic correspondence. Liddell's offer was, "If one thousand dollars a year is an inducement, come immediately. Answer." Chidester's acceptance was, "Will accept one thousand dollars a year." These communications, unexplained, show a single contract for a year, the wages to be one thousand dollars in gross.

There was testimony that up to the time of Chidester's discharge his wages were paid to him monthly; but the testimony on this subject was somewhat in conflict.—*Partridge v. Forsyth,* 29 Ala. 200; *Com. Fire Ins. Co. v. Capital City Ins. Co.,* 81 Ala. 320.

It is contended for the appellee that the verdict and judgment in the former suit—that which was tried in 1886—are conclusive that Chidester's wages were due and payable in monthly installments; and that without such finding the jury could not have rendered a verdict in his favor. The elements necessary to constitute a judgment in one suit a bar to a second suit are, "1st, that the issue in the second action, upon which the judgment is brought to bear, was a material issue

[Liddell v. Chidester.]

in the first action, necessarily determined by the judgment therein; 2d, that the former judgment was upon the merits." Freeman on Judgments, § 256. "It is only of those matters which, as premises, enter into and uphold the judgment (the judgment being the conclusion of the syllogism), and connected, qualifying matters which, if produced, would change or impair the legal force and effect of the cause of action itself on which the judgment was rendered, that the judgment pronounced becomes conclusive."—*Haas v. Taylor*, 80 Ala. 459. To be a bar, it must appear that the fact claimed to have been established "was essential to the finding of the former verdict."—1 Greenl. Ev. § 534; *Chamberlain v. Gaillard*, 26 Ala. 504; *Gilbreath v. Jones*, 66 Ala. 129; *McCall v. Jones*, 72 Ala. 368; *Hanchey v. Coskrey*, 81 Ala. 149.

In the first suit, instituted before a justice of the peace, the cause of action was described as follows: "The plaintiff claims of defendant $41.50, due by acc. on 26th July, 1885, for salary due and for services rendered by pl'ff to the def't." When the case reached the Circuit Court by appeal, a new complaint was filed with three counts, two common and one special. The first count was "for work and labor done by the plaintiff for the defendant, and at his request, during the month of July, 1885." The second count was for the "sum of fifty dollars, due by account stated between the plaintiff and the defendant on, to-wit, the first day of August, 1885." The third count was a special count. It averred that there was a contract for a year, the wages to be paid in monthly installments of $83.33; that plaintiff, Chidester, was serving, and ready to serve, when on July 15th, 1885, without fault on his part, Liddell discharged him, paying him on that month's wages thirty dollars, leaving the balance, $41.50, unpaid. For that balance, with interest, this count claimed judgment. The recovery was for that sum with interest, which was acquiesced in and paid.

It is settled in this State, by many decisions, that when Chidester was discharged, he had the option of one of three remedies, if the discharge was wrongful. (1.) He could have elected to treat the contract as rescinded, and sue on a *quantum meruit* for any labor he may have performed. (2.) He could have sued at once for an entire breach of the contract by the defendant; in which event he would have been entitled to recover all damages he suffered up to the trial, not exceeding the entire wages he could have earned under the contract. Or, (3) he could have waited until his wages would mature under the terms of the contract, and sue and

recover, as upon performance on his part. Each of these alternative rights, as we have seen, was dependent on his fixing on Liddell the fault of his discharge.—*Strauss v. Mertief*, 64 Ala. 299; *Davis v. Ayres*, 9 Ala. 292; *Ramey v. Holcombe*, 21 Ala. 567; *Fowler v. Armon*, 24 Ala. 194; *Holloway v. Talbot*, 70 Ala. 389; *Wilkinson v. Black*, 80 Ala. 329; 3 Wait's Act. & Def. 606. And when wages are payable in installments, suits may be brought on the several installments as they mature.—*Davis v. Preston*, 6 Ala. 83.

It is manifest that the former suit was not brought on the first of the alternate grounds stated above. There is nothing to show that it relied on the rescission or abandonment of the contract; and if it had, there were no past services actually rendered and unpaid for, on which to found a recovery. The suit was for that part of the salary for July, which had not been paid. Nor was the suit brought on the second of the grounds—an entire breach of the contract. On the contrary, it treated the contract as continuing through the month of July, and sued for the wages alleged to have been constructively earned in July, after the discharge.

The former suit was then brought on the third of the grounds, treating the contract as still binding on Liddell, and claiming wages according to its terms. It was brought July 27th, 1885, the first day after the completion of one of the months of the wage-year. If the contract was for the payment of one thousand dollars in gross at the end of the year, February 26, 1886, that suit was prematurely brought, and there could have been no recovery. It was indispensable to plaintiff's right of recovery to show, that by the terms of the contract, his wages were due in monthly installments, one installment of which had matured. This was "essential to the finding of the former verdict."

The foregoing facts are placed beyond dispute in the record before us. They estop Liddell from denying that by the terms of his contract with Chidester, he was to pay him wages in monthly installments, and that he discharged plaintiff without cause. And the same inevitable result would follow, no matter what proof he might offer that the contract was for the payment of Chidester's salary in gross, and that he had good grounds for discharging him.

We have not deemed it necessary to consider the rulings on demurrer. Whether right or wrong, they could not have affected the defendant injuriously.

There was no error in the charges of the court.

Affirmed.