268 So.2d 758

**MURPHY TRUCK RENTALS, INC., a corporation, and Murphy Transportation, Inc., a corporation**

v.

**SOUTHSIDE AUTO & HOME SUPPLY, INC., a corporation.**

6 Div. 817.

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 30, 1972.

Paul E. Skidmore, Tuscaloosa, for appellants.

Phelps & Owens, Tuscaloosa, for appellee.

PER CURIAM.

Plaintiff-appellee filed its complaint, later amended, to recover of defendants a sum of money due by invoices in writing as alleged in amended Count 1; and in amended Count 2, said sum is claimed by account stated. Jury verdict for plaintiff-appellee was in the sum of $16,000, from which this appeal is taken. We will here-

after refer to appellee as plaintiff and to appellants as defendants.

The transaction, the basis of this suit, originated in an oral agreement between the presidents of the corporate parties at a conference whereby the plaintiff orally agreed to sell and defendants to buy Michelin radial truck tires which plaintiff represented would save defendants 25% to 40% over operation and use of other conventional truck tires. Defendants were in the transportation business and plaintiff was a tire distributor. Plaintiff's business was located in Tuscaloosa, or near there, while defendants operated in Anniston and also in Tuscaloosa. Deliveries of the tires were to be made from time to time according to the needs and orders of defendants. There was no written agreement at the time of the conference, between the presidents, that confirmed or modified the oral agreement with respect to the sales and purchases of the tires. Payment of purchase price was to be on a 30–60–90 day basis.

. The parties at the time also entered into an oral agreement, whereby plaintiff was to service the tires at Tuscaloosa at which point defendants were also in business. Their main office was in Anniston.

After several weeks of performed business relationship without disagreements, the parties reached a business impasse that may be traced to some discounts that defendants elected to take from the invoiced price of the delivered tires. Plaintiff contends that such discounts were unauthorized and amounted to a breach of the contract that entitled it to discontinue the business relationship originating with the oral agreement. Defendants contend that they were entitled to take the discounts under custom and usage of the trade; and also to reimburse themselves due to the failure of plaintiff to perform its oral service agreement; and to obtain the value of tires delivered to plaintiff for recapping. These tires, according to defendants, were not returned.

As we view the record, the trial court submitted to the jury the issue of damages incident to the failure of plaintiff to service the tires prior to filing suit, but declined to admit defendants' evidence of damages, arising out of the service agreement, after the suit was filed.

The trial court, acting on a plea in short by consent, etc., including set-off and recoupment, agreed to by the parties, submitted to the jury the contention of the parties relative to damages claimed by defendants arising out of the alleged failure of plaintiff to service the tires needing such servicing; and, also, damages alleged to have arisen from failure of plaintiff to return some tires delivered to plaintiff for servicing. The trial court ruled out evidence touching failure of service after suit was filed.

■ We see no lawful reason for this exclusion if other evidence was admissible touching the issue of service vel non prior to suit. The oral contract for the sale of the tires and their servicing was a continuing agreement. Conceding that defendants breached the oral agreement when they took unreasonable and unauthorized discounts as plaintiff contends, we fail to see that such breach, if in fact there was one, released plaintiff from its agreement to service the tires already sold and delivered to defendants; and especially would this be true as to tires for which defendants had paid the purchase price. The alleged breach may have affected the obligation of plaintiff to sell and deliver tires after the alleged breach, but it did not release plaintiff from its obligation to service tires already sold and delivered to defendants.

■ Plaintiff seeks in its suit to collect in full for the delivered tires per the oral agreement or the invoices, and at the same time it attempts to repudiate its agreement to service the delivered tires that required servicing after suit was filed. Plaintiff, it appears (using a colloquial adage) seeks "to have its cake and eat it, too." We hold that the trial court committed reversible

error in declining to permit defendants to assert damages, under the servicing agreement, which arose after suit was filed to the date of trial. Martin v. Hill, 42 Ala. 275.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, MADDOX and SOMERVILLE, JJ., concur.